## HONNOLD ET AL. v. ENDICOTT ET AL.

[No. 21,002. Filed January 30, 1908.]

1. DRAINS. — *"Landowners." — Counties.*—Counties are not "landowners" within section three of the drainage act of 1905 (Acts 1905, p. 456, §5624 Burns 1905). *Zumbro* v. *Parnin*, 141 Ind. 430, distinguished. p. 17.

2. SAME.—*Character of Proceedings to Establish.—Judicial.*—Drainage proceedings are adversary in character, and, in acting thereon, boards of commissioners act judicially. p. 19.

3. SAME.—*Highways. — Benefits. — Payment by Townships.* — The legislature has the right to direct townships to pay from their general funds the drainage assessments made against them on account of benefits to the highways therein. p. 20.

4. SAME.—*Remonstrance.—Dismissal.*—The board of commissioners must dismiss a drainage petition, where two-thirds of the landowners, shown by the preliminary report to be affected thereby, remonstrate against same (§5624 Burns 1905, Acts 1905, p. 456, §3). p. 20.

From Hamilton Circuit Court; *Ira W. Christian,* Judge.

Drainage proceeding by Cassius L. Endicott, against which Morton S. Honnold and others remonstrate. From an order establishing the drain, remonstrants appeal, making additional parties. *Reversed.*

*Shirts & Fertig,* for appellants.

*Gentry & Cloe,* for appellees.

MONTGOMERY, J.—This proceeding was instituted before the Board of Commissioners of the County of Hamilton upon the petition of appellee Endicott for the construction of a drain, not exceeding two miles in length and at a cost not exceeding $300, under the drainage law of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905). The matter was referred to the county surveyor, upon a showing that he was disinter-

ested, and in his preliminary report he found that the following named "landowners" will be affected by the drain, to wit, C. L. Endicott, William Price, M. S. Honnold, Barbara Lane, H. C. Lower, Jackson township and Hamilton county.  On the date fixed for the hearing appellants Honnold, Price, Lane and Lower filed a remonstrance against the proposed drain, upon the theory that they constituted two-thirds of the "landowners" affected, as shown by such preliminary report, and asked that appellee's petition be dismissed.  The remonstrance was overruled by the board, the drain established and ordered constructed, and assessments of benefits made against the lands of appellants and appellee Endicott, and also against Hamilton county for benefits to a free gravel road, and Jackson township for benefits to a public highway.  Appellants appealed from the final action of the board to the circuit court, where the cause was submitted for decision upon the remonstrance and an agreement of parties in open court that if Jackson township and Hamilton county are both to be reckoned as landowners affected by the proposed drainage, within the meaning of the law, the remonstrance should be overruled, but if either should not be so reckoned, then the remonstrance should be sustained and the petition dismissed.  Final judgment was rendered whereby the remonstrance was overruled, the work established and ordered constructed, the cause remanded to the board for further proceedings, and costs awarded to appellee.

Errors have been assigned in various forms upon the overruling of appellants' remonstrance, failure to dismiss the petition, ordering the work established and constructed, and overruling motions for a new trial.

The precise question for decision is whether the county and the township must be regarded as "landowners" under the two-thirds remonstrance clause of the drainage law of 1905 (Acts 1905, p. 456, §3, §5624 Burns 1905).

1. 

In the case of *Zumbro v. Parnin* (1895), 141 Ind. 430, it

was held by this court that under the drainage law of 1885
(Acts 1885, p. 129, §9, §5630 Burns 1901) a township named
in the petition as subject to assessment for benefits to a high-
way, was a landowner, and the trustee of such township,
joining with other landowners, should be counted upon a re-
monstrance by two-thirds of the landowners to effect a dis-
missal of the petition.

The phraseology of the act of 1905, *supra,* differs notice-
ably from that of the act of 1885, *supra,* but since, in our
opinion, the county cannot be regarded as a ''landowner,''
it will not be necessary in the case at bar to determine
whether the township is a landowner within the meaning of
the law in controversy. Section two of the drainage act of
1905 (§5623 Burns 1905) authorizes any owner of lands to
be benefited—a township trustee for the purpose of drain-
ing a highway or public school ground, the common council
of a city and board of trustees of a town for the successful
drainage of a city or town—to petition for a drain which will
affect the lands of others.

The drainage commissioner or surveyor to whom the mat-
ter is referred is required to make a preliminary report,
among other things, showing ''a description of all lands
which will be affected by the proposed drainage, with the
names and residence of the owners, if known, and if not, so
stating; also, the name of any city or town or other public
corporation, or highway or street therein not named in the
petition, which will be affected by such drainage.'' §5624
Burns 1905, Acts 1905, p. 456, §3. The same section pro-
vides: ''If two-thirds of the landowners affected, as shown
by such preliminary report, shall within twenty days after
the filing of said preliminary report remonstrate in writing
against the construction of the proposed improvement, the
petition shall be dismissed, and the court shall enter judg-
ment against the petitioner or petitioners for all costs and
expenses, including the per diem of the drainage commis-
sioner and engineer if any have been appointed.''

Section five of said act (§5626 Burns 1905) further requires that "any assessment made against any township, city or town, by reason of benefits to any highway, street or public grounds, or for other benefit to such corporation, shall be paid out of the general funds of such township, city or town, as the case may be; and the provisions of the next section as to the issue of drainage bonds shall have no application to assessments against such corporations."

In the next section (§5627 Burns 1905) provision is made whereby in certain cases the owners of two-thirds in acreage of the lands assessed for benefits may procure the issuance of drainage bonds, and have the privilege of paying their assessments in instalments.

It is manifest that the term "landowner" is not used indiscriminately in this act as synonymous with "party" to the proceeding. This statute was drafted with evident care, and provision is made for assessments against "lands," "easements," "other property" and "municipalities," and for the enforcement of collection, and payment of the same out of designated funds. A county is not authorized by this act to become a petitioner for a public drain by reason of its supervision or control over any free gravel road or other highway, and if, in any case, it may exercise the right of a petitioner, a question not before us and not decided, it must be in the capacity of a landowner, within the restricted meaning of that term. No special provision is made for notice to the county, or for the payment of any assessment which may be made against it, as was done with respect to townships, towns and cities. The omission is significant. Boards of commissioners are given concurrent jurisdiction with circuit courts in proceedings for the establishment and construction of ditches affecting rights and interests wholly within one county. Drainage proceedings are adversary in char-

2. acter, and in determining the rights affected boards of commissioners act judicially. The suggestion of counsel is not without force, therefore, that the principle

"*Nemo debet esse judex in propria sua, causa,*" repels the idea that this act contemplates that the board should be a party to an action before it, in the absence of any provision for obtaining some other tribunal in case the county were shown to be interested.

It was within the province of the legislature to provide for the payment of benefits assessed to a public highway, for the construction of drains, out of such public funds as it deemed appropriate; and in our opinion this act requires such payment to be made out of the general funds of the township in which the highway is situated, whether such highway belongs to the free gravel road system of the county or is wholly unimproved. In this view of the law Hamilton county was not a proper party to this proceeding, and certainly could not be classed as a "landowner" affected by the proposed work. Excluding the county, there were but six parties to the proceeding. So assuming, without deciding, that each of them should be counted as a landowner for the purposes of the remonstrance, four landowners having joined in the remonstrance constituted two-thirds of all who were shown by the preliminary report to be affected, and necessitated a dismissal of the petition. The court accordingly erred in overruling appellants' remonstrance.

The judgment is reversed, with directions to dismiss the petition and to render judgment against the petitioner for costs.