## RIGHTER v. KEATON ET AL.

[No. 21,086. Filed May 26, 1908.]

1. STATUTES.—*Construction.*—*Drains.*—The drainage act of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905) should be liberally construed, so as to attain the legislative intent. p. 466.

2. DRAINS.—*Arms of.*—*Petitions.*—*Notice.*—Under §5629 Burns 1905, Acts 1905, p. 456, §8, the petitioners for a drain are entitled to notice of the filing of a supplemental petition for the establishment of an arm to such drain. p. 466.

3. CONSTITUTIONAL LAW.—*Due Process.*—*Drains.*—*Notice.*—The assessment of a drainage petitioner's land with a part of the cost of the construction of an arm of such drain, as permitted under §5629 Burns 1905, Acts 1905, p. 456, §8, without giving such petitioner notice thereof, is violative of the "due process clause" of the Constitution, as well as of the provisions of such statute. p. 466.

4. DRAINS.—*Supplemental Petitions.*—*Notice.*—*Reasonable Time.*—The drainage act of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905), being silent as to the length of notice to be given under a supplemental petition for a drain, requires such notice to be given within a reasonable time; and fourteen days' delay does not give the landowners to be affected the right to a dismissal of such supplemental petition, the duty of the court being to order the service of notice. p. 467.

5. DRAINS. — *Remonstrances.* — *Requisites.* — *Notice.* — *Effect.* — A drainage remonstrance signed by fewer than two-thirds of those affected by a drainage proceeding, as determined from the preliminary report filed therein. is insufficient, regardless of whether notice of the pendency of such petition has or has not been served upon such affected persons. p. 467.

From Hancock Circuit Court; *William A. Hough,* Special Judge.

Supplemental drainage petition by Caroline M. Righter, against which A. R. Keaton and others remonstrate. From a judgment for remonstrants, petitioner appeals. *Reversed.*

*James E. McCullough* and *William C. Welborn,* for appellant.

*Hiram B. Patten,* for appellees.

HADLEY, J.—Pending the construction of a drain, under the drainage act of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905), known as the "Hill ditch," which work was referred to the county surveyor as constructing superintendent on March 19, 1906, the appellant, on April 24, 1906, filed, under section eight of said act (§5629, *supra*), her petition supplemental to the proceeding in the Hill ditch, praying for the construction of an additional arm or branch to said Hill ditch, and describing therein the lands and owners thereof who probably would be affected by said additional arm. The drainage. commissioners who qualified and acted in the original proceeding, under the orders of the court, on September 15, 1906, after view, filed their preliminary report in which they gave the names of many persons who were not mentioned in the supplemental petition, and who were owners of described lands that would be affected by the additional arm, more than twenty of whom were also owners of lands that had been described and regularly assessed on the original petition.

No notice of the filing of the report, as required by section three of said act (§5624, *supra*), was given to the persons brought into the proceedings by the drainage commis-

sioners in their preliminary report on the supplemental petition. A number of such persons appeared and waived notice, and others appeared and signed a remonstrance, which was timely filed, and joined with others in a motion to dismiss the supplemental petition, on the ground that more than two-thirds of the persons interested in said arm had signed and filed a remonstrance against it, as shown by the preliminary report.

Appellant contends that such last-named persons, being parties legally in court and assessed in the principal action, must take notice of all the proceedings in the cause, including the supplemental petition and the proceedings thereunder, and that a successful remonstrance must be signed by two-thirds of the landowners shown by the preliminary reports in the proceedings as a whole; while appellees maintain that the supplemental petition was, under the provisions of section eight of said act, the commencement of an ancillary action, which required the same procedure throughout as on the original petition, and that the landowners not mentioned in the supplemental petition, and shown by the commissioners' preliminary report to be affected, and thus brought into the case, and they not appearing, and not being served with notice, as required in section three, are not assessable for the construction of the proposed arm, and should not be counted in the number qualified to sign a remonstrance against the establishing of said proposed arm.

If appellant's contention is right, then two-thirds of the number of persons liable to be assessed for the improvement did not sign the remonstrance. If appellees are right in their position, then two-thirds of the assessable persons did sign the remonstrance, and the cause should be affirmed.

We are unable to agree fully with either the appellant or the appellees. So far as relates to the question in hand the act of 1905, *supra,* provides that the petitioner shall in his petition set forth the general course and distance of the

proposed drain, describe the lands he thinks will be affected, and name the owners or occupants. Upon the filing of his petition he shall indorse on the same the day set for a hearing of the petition by the court, and shall serve each landowner mentioned therein with a notice of the filing of said report and the day fixed for a hearing thereof, which notice shall be served not less than thirty days before the day set for such hearing. All persons so notified or appearing to the petition shall be deemed to have notice of all subsequent proceedings therein. Any defendant mentioned in the petition may, on the day of the hearing, or at any time within twenty days thereafter, file any demurrer or objection he may have to the petition. If no objection is filed within twenty days, the court shall then refer the petition to the drainage commissioners. All objections to the petition, or to the drainage commissioners, not made before the reference to the commissioners, will be deemed waived.

The commissioners are required to make personal inspection of the lands described in the petition, and of all other lands likely to be affected by the improvement, and to make to the court a preliminary report in which they shall show: (1) The head, general direction and outlet of the drain, and of each arm thereof; (2) a general description of all lands which will be affected by the proposed drain, with the names and residence of the owners; (3) whether such drain is practicable and will be sufficient to drain properly the lands to be affected; (4) whether, when accomplished, the proposed drain will improve the public health, benefit a highway or be of public utility.

In case any lands not described in the petition are reported in the preliminary report to be affected, notice for twenty days of the filing of such report shall be given the owners by the petitioner, and proof of such notice made as required to be given to the owners of the lands described in the petition; and any landowner not named in the petition, and whose lands are not described therein, but who is named

in the preliminary report, and his lands described therein, is subject to and entitled to the same proceedings as on an original petition, and entitled to twenty days from the date of the service of notice of such report within which to file objections.

If the court finds the drain impracticable, or that it will not be of public utility, or if two-thirds of the landowners affected, as shown by the preliminary report, shall, within twenty days after the filing of the preliminary report, remonstrate in writing against the construction of the proposed improvement, the petition shall be dismissed. It is further provided that if it is shown by the preliminary report that the proposed drain will be practicable and of public utility, and there is no successful remonstrance, the court shall refer the proceeding back to the commissioners for a final report—that is, to mark out the line and designate the character of the drain, and assess the benefits and damages accruing from its construction. If no objection is filed to a favorable final report, it is then referred to one of the commissioners to superintend the construction. It is then provided in section eight (§5629, *supra*) as follows: "The superintendent of construction or any person interested in such work may also file with the court a supplemental petition showing that lands not assessed for benefits or damages are affected, as the petitioner believes, by such drainage, whether such lands are or are not described in the petition or in either report of the drainage commissioners. Notice of such supplemental petition shall be given as provided in case of the filing of the original petition. The court shall refer such supplemental petition to the drainage commissioners to report thereon; and all proceedings may be had thereon and orders and decrees made in relation thereto, including the construction of additional arms or branches, as if it were an original petition; but the proceedings thereon shall not affect the original petition, unless the court for

good cause shall order the petitions consolidated. Any such order, however, may not hinder or delay the original work or drainage.''

The scheme here outlined is simple, practicable and just, and when given that liberal construction required by

1. the act itself was manifestly intended by the lawmakers to be efficient in the construction of drains.

Points made by appellant are not tenable. It will not do to consider the petition for the main drain and appellant's petition for the arm as one and the same proceeding,

2. in a sense that a party served with notice of the principal petition shall be deemed to have notice of the filing of the subsequent petition for the arm. The statute does not contemplate any such thing. This record shows that the main drain had been established, the benefits fixed and fastened upon the lands, and the ditch under actual construction for more than a month before appellant filed her petition. Those affected by the drain had been before the court, and had the benefits accruing to their several tracts of land from the construction of that particular drain fully adjudicated as provided by the statute. There was nothing in the proceeding or in the law to apprise owners that parts of their lands described in the original proceeding were liable to be assessed on another line or arm that might thereafter be undertaken on another petition.

3. Such a proceeding would not only be in violation of the Constitution, but is clearly forbidden by the statute. Section three of said act (§5624 Burns 1905) confers upon the constructing superintendent or upon any one interested the right to file a subsequent petition, termed supplemental, asking for the construction of additional arms or branches. In either case the statute provides that ''notice of such supplemental petition shall be given as provided in case of the filing of the original petition, and in case any lands not named in the petition are named in such preliminary report, notice for twenty days of the filing of such

report shall be given by the petitioner to the owners of such lands, and proof of such notice made, as hereinbefore provided in case of notice to owners of land described in the petition." §§5624, 5629, *supra.*

It is, therefore, evident that under the act of 1905, *supra,* to make a valid assessment upon land, under a supplemental petition, landowners brought into the proceeding by the preliminary report of the commissioners must waive or receive twenty days' notice of the filing of the report.

But the statute does not fix the time when, or within which, the supplemental petitioner shall give to the new parties brought in by the preliminary report notice 4. of the filing thereof. The new parties are given twenty days after service of the notice within which to file exceptions, but the time for the service is unlimited. The service must, therefore, be made within a reasonable time. In this case the preliminary report was filed September 15, 1906, and the remonstrance and motion to dismiss the proceeding on September 29, 1906. We are unable to say that a reasonable time had elapsed for such service when the remonstrance was filed, and can see no reason why, under the liberal construction we are required to give the statute, the court could not then have ordered the petitioner to proceed and give such new parties the required notice.

Furthermore, we are unable to see how the failure of the petitioner to give such statutory notice can aid appellees in their remonstrance and motion to dismiss the proceeding. 5. The right successfully to remonstrate against the construction of a drain is given by statute, and can be enjoyed only by a compliance with the terms thereof. In this case the provision regulating the right of remonstrance reads in part: "If two-thirds of the landowners affected, as shown by such preliminary report, shall within twenty days after the filing of said preliminary report remonstrate in writing against the construction of the proposed improvement, the petition shall be

dismissed." §5624, *supra*. The remonstrance to be sustained must be supported by the signatures of two-thirds of all the parties interested and assessable in the proceeding as determined by the drainage commissioners and set forth in their preliminary report. The failure of the petitioner to do her duty with respect to the giving of notice did not modify the statute nor affect the class pointed out as eligible to vote for or against a remonstrance. Two-thirds of such did not sign the remonstrance, and the same should have been overruled. It is not necessary for us to decide, and we do not decide whether the decision in *Yancey* v. *Thompson* (1892), 130 Ind. 585, based on the statute of 1885, which rested the right of remonstrance upon the number of landowners mentioned in the petition and not upon the number exhibited by the preliminary report of the drainage commissioners, as in the act of 1905, should be applied to the facts of this case.

The judgment is reversed and cause remanded, with instructions to overrule appellees' remonstrance and motion to dismiss the supplemental petition, and for further proceedings in harmony with this opinion.