## THORN ET AL. v. SILVER ET AL.

[No. 21,333. Filed November 23, 1909. Rehearing denied July 1, 1910.]

1. DRAINS. — Remonstrances. — Effect. — Statutes. — Under §6142 Burns 1908, Acts 1907 p. 508, §3, a decision that a remonstrance filed in a drainage proceeding contains the names of two-thirds of the affected property owners, is fatal to the drainage proceeding. p. 509.

2. DRAINS. — Remonstrances. — Trial. — Submission. — The filing, after submission of the cause, of a drainage remonstrance, alleged to contain the names of two-thirds of the affected landowners, does not suspend the trial, nor set aside the submission of the case. p. 509.

3. VENUE.—Change of Judge.—Drains.—Remonstrances.—Trial.— Where a drainage case was submitted for trial on a remonstrance for cause and during the trial a remonstrance alleged to contain the names of two-thirds of the affected landowners was filed, the parties treating the trial on the former remonstrance as suspended until a determination of the latter was made, neither party is entitled to a change of judge, the cause being at the time on trial. p. 510.

4. DRAINS. — Remonstrances. — Trial.—Procedure.—Where remonstrances for cause, and also one alleged to contain the names of two-thirds of the affected landowners, are filed, they may be tried together. p. 510.

5. DRAINS.—Procedure.—Legislative Control over.—The legislature has power to prescribe the rules of procedure in drainage cases. p. 510.

6. VENUE.—Change of Judge.—When Granted after Submission.— A change of judge should be denied, except for the ineligibility of the judge where the motion therefor is not made until after the submission of the case for trial. p. 510.

7. VENUE.—*Change of.*—*When Granted.*—A motion for change of judge, though made after the time fixed by the rules of court, must be sustained, where an affidavit is filed therewith showing that the cause therefor has just been discovered. p. 510.

8. CONSTITUTIONAL LAW.—*Title of Act.*—*Drains.*—The title of the drainage act of 1907 (Acts 1907 p. 508), reading: "An act concerning drainage, and repealing laws in conflict," is sufficient to cover a provision relating to the filing of remonstrances in pending cases. p. 512.

9. CONSTITUTIONAL LAW. — *Statutes.* — *Title.* — *Amendment.* — In amending a statute the title of the amended statute should be set out in the title of the amending act, and the act as re-. vised, or the section as amended must also be set forth in full. p. 512.

10. CONSTITUTIONAL LAW.—*States.*—*Title.*—*Requisites.*—The subject-matter of an act must be expressed in the title thereto, but matters properly connected therewith may be omitted. p. 512.

11. CONSTITUTIONAL LAW.—*Statutes.*—*Amendatory, or Independent.*—The drainage act of 1907 (Acts 1907 p. 508) entitled: "An act concerning drainage, and repealing laws in conflict," is an independent act, although it incidentally alters existing statutes. p. 512.

12. DRAINS.—*Statutes.*—*Mistake.*—*"Act."*—*Use of, for "Section."*— The word "act," as first used in the last clause of section seven of the act of 1907 (Acts 1907 p. 508, §6147 Burns 1908), providing that "none of the provisions of this act" shall apply to proceedings instituted prior to the passage of the act, should be read "section." p. 512.

13. DRAINS. —*Procedure.*— *Changing.*— *Vested Rights.*— Drainage procedure, being special, may be altered at any time by the legislature, there being no right in a remedy unless so changed as to render it nugatory. p. 513.

14. CONSTITUTIONAL LAW. — *Retroactive Laws.* — *Drains.* — *Procedure.*—The second proviso of §6142 Burns 1908, Acts 1907 p. 508, §3, providing that in all drainage cases where a remonstrance by two-thirds of the affected landowners has not been filed, one may be filed, is not retroactive, and its enactment does not violate the Constitution. p. 513.

15. DRAINS.—*Procedure.*—*Civil Code.*—The special procedure specified in the drainage laws is controlling in such cases, but where they are silent, the civil code prevails. p. 513.

16. DRAINS.—*Remonstrances.*—*Essentials.*—No particular form is necessary to a drainage remonstrance signed by two-thirds of the landowners (§6142 Burns 1908, Acts 1907 p. 508, §3), but a remonstrance for cause must be specific as well as verified (§6143 Burns 1908, Acts 1907 p. 508, §4). p. 513.

17. DRAINS.—*Remonstrances.—Time for Filing.*—A drainage remonstrance signed by two-thirds of the affected landowners may be filed before or after the filing of the remonstrance for cause at any time within twenty days after the taking effect of the authorizing statute (Acts 1907 p. 508, §3, §6142 Burns 1908). p. 513.

18. STATUTES.—*Construction.—In Pari Materia.*—In construing a statute, all other kindred statutes may be considered. p. 514.

19. DRAINS.— *Remonstrances.— Withdrawals.*— Withdrawals from a drainage remonstrance, made after the expiration of the twenty-day period for the filing of such remonstrance, do not affect such remonstrance. p. 514.

20. DRAINS.—*Remonstrances.—Withdrawals.—Costs.*—A motion to withdraw from a drainage remonstrance signed by two-thirds of the affected landowners, after the period for the filing of such remonstrance, should be sustained, the only effect being to make a different distribution of the costs. p. 514.

21. DRAINS.—*Remonstrances.—Statutes.*—Previous to 1903 (Acts 1903 p. 504) a remonstrance signed by two-thirds of the affected landowners, was authorized, but such act took away such right from future remonstrators, and the act of 1907 (Acts 1907 p. 508, §3, §6142 Burns 1908) restored such right to those interested in proceedings begun under such act of 1903. p. 514.

22. STATUTES.—*Construction.—Judicial Notice of Historical Facts. —Drains.*—The courts judicially know that the repeal of the right of remonstrance in drainage cases by the act of 1903 (Acts 1903 p. 504) was unpopular, and that section three of the act of 1907 (Acts 1907 p. 508, §6142 Burns 1908) restoring such right, was enacted in pursuance of a public demand. p. 515.

23. STATUTES.— *Construction.— Aids.*— In construing a doubtful statute, courts will consider kindred statutes, the history of the legislation, conditions, the mischief to be remedied, and the object to be attained. p. 515.

24. DRAINS.— *Remonstrances.— Time for Filing.— Statutes.*— The second proviso of §6142 Burns 1908, Acts 1907 p. 508, §3, that "in cases pending at the time of taking effect of this act where a two-thirds remonstrance has not been filed, such remonstrance may be filed to the report of the drainage commissioners," when considered with other provisions of such act, imports that such remonstrance should be filed within twenty days from the taking effect of the act. p. 516.

25. DRAINS.— *Remonstrances.— Two-thirds of the Landowners. — How Determined.—Statutes.*—The first proviso of §6142 Burns 1908, Acts 1908 p. 508, §3, providing that where two-thirds in number of the landowners named as such in the petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated,"

requires that not only those named in the petition, but also those affected by the assessment or damages, should be counted, regardless of the size or value of their interests. pp. 517, 520.

26. CONSTITUTIONAL LAW.— *Due Process.— Drains.—* Any one assessed to pay for the cost of constructing a drain must be given an opportunity for a hearing thereon. p. 519.

27. DRAINS.—*Remonstrances.—Burden of Proof.—*The burden of proving that two-thirds of the affected landowners in a drainage case have signed the remonstrance, is upon the remonstrators. pp. 519, 522.

28. DRAINS.—*Jurisdiction.—Remonstrances.—*The filing of a drainage petition naming the owners of land as shown by the tax duplicates, and the giving of notice to the owners or occupants, do not preclude the right of the real owners to remonstrate. p. 519.

29. CONSTITUTIONAL LAW.— *Equal Privileges.— Drains.— Remonstrances.—*All persons similarly situated must have the same privileges in remonstrating against proposed drains. p. 519.

30. ACTION.—*Drains.—Remonstrances.—*A drainage proceeding is an action *in rem*, but the landowners have a personal right to remonstrate. p. 520.

31. DRAINS.—*Remonstrances.—When Right to Remonstrate Ceases.—*Where a person becomes the owner of lands affected by a proposed drain, after the time for the filing of a remonstrance, he should not be counted in determining the number of landowners affected. p. 520.

32. DRAINS.— *Remonstrances.— Persons "Affected."—* All persons whose lands are assessed, or whose property is damaged, are "affected" by a drainage proceeding, where, though not named in the petition, they are bound by notice given to others. p. 521.

33. STATUTES.—*Judicial Construction.—Drains.—*Since the drainage act of 1907 (Acts 1907 p. 508) was enacted after judicial constructions had been made of similar statutes, it is impressed with such constructions. p. 521.

34. DRAINS. —*Remonstrances. —Right of. —Burden of Proof. —* Whether persons are entitled to remonstrate against a proposed drain may be a question of law or of fact; and the burden is upon one who is not named in the petition, to show that he is a proper party. pp. 521, 522.

35. DRAINS.—*Petitions.—Parties.—Remonstrances.—*The provision of §6141 Burns 1908, Acts 1907 p. 508, §2, requiring drainage petitioners, where the owner of a tract affected is unknown, to examine the tax duplicates, or record of transfers, and use the name of the owner as it there appears, is for the purpose of giving the court jurisdiction, and not for determining who may remonstrate, or the number of persons affected by the proposed drain. p. 522.

36.  DRAINS.— *Remonstrances.*— *Number Remonstrating.*— Where
     there were 208 residents of the county affected by a proposed
     drain, and 128 persons remonstrated, the remonstrance is insuffi-
     cient.  pp. 523, 524.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Drainage proceeding by William Thorn and others, against
which Henry C. Silver and others remonstrate.  From a
judgment for remonstrants, petitioners appeal.  *Reversed.*

*John Q. Cline* and *Claude Cline,* for appellants.

*W. A. Branyan, W. D. Hamer* and *H. B. Spencer,* for
appellees.

MYERS, J.—Appellees on August 13, 1904, filed in the
clerk's office of the Huntington Circuit Court their petition
for a drain in Huntington county.  On April 12, 1905, the
commissioners of drainage filed a favorable report.  Remon-
strances were filed, for cause, and also one purporting
to be filed by two-thirds of the landowners named as
such in the report.  The two-thirds remonstrance was with-
drawn, and the cause went to trial March 18, 1907, on the
remonstrances for cause, and after the hearing had pro-
gressed five days the further hearing was continued until
the April term, 1907.

The drainage act of 1907 (Acts 1907 p. 508) took effect
April 10, 1907, and on April 20, 1907, appellee Silver and
137 other "residents of Huntington county, and owners of
lands severally assessed for the construction of the improve-
ment," over the objection and exception of appellants, filed
a two-thirds remonstrance against the drain, and moved
to dismiss the proceedings, and appellants were ruled to
reply to the two-thirds remonstrance.  At this point, and
on May 6, 1907, appellants filed an affidavit for a change
of judge, alleging that they were "two of the petitioners,
and that they could not have a fair and impartial trial
thereof,  *  *  *  on account of the bias and prejudice
of said judge against the petitioners, and their cause of

action, which bias and prejudice these affiants say exists, that the cause for said change of judge has just come to the knowledge of these affiants, and that they have filed their affidavit asking for such change, and presented it to the court at the earliest opportunity.''

The motion for a change of judge was denied, and an exception reserved to the ruling. A motion was made to strike out the two-thirds remonstrance, which was overruled, and exception reserved. Appellants then unsuccessfully demurred to the two-thirds remonstrance, reserving exceptions, and filed replies to said remonstrance. A trial was had, special findings of fact made, conclusions of law stated as to the two-thirds remonstrance, and judgment rendered, dismissing the petition and proceeding at the costs of the petitioners.

The assignment of errors calls in question the ruling in refusing a change of judge, assigned as a cause for a new trial, overruling the objections to filing the two-thirds remonstrance, overruling the motion to strike out the remonstrance, overruling the demurrer to the remonstrance, and error in the conclusions of law.

The trial upon the remonstrances for cause was in progress when the act of 1907 took effect. That act provided for the filing of a two-thirds remonstrance in case none had been filed (§6142 Burns 1908, Acts 1907 p. 508, §3), and when filed it would suspend the trial on the remonstrance for cause until it could be disposed of, and if found in favor of appellees, ended the proceeding, but, if otherwise, the hearing would proceed upon the remonstrance for cause; but the cause was none the less on trial.

Suspending the trial by the two-thirds remonstrance, did not of itself operate to set aside the submission, because if the court had found against appellees on the two-thirds remonstrance the right to proceed on the remonstrances for cause was not affected. Had appellants desired to

have the submission set aside on the remonstrances for cause, there should have been a motion therefor; but each party seems to have treated the trial on the remonstrances for cause as suspended until the two-thirds remonstrance could be disposed of; and, under such circumstances, neither was in a situation to ask a change of judge upon the issue tendered by the remonstrances for cause, for, as we understand it, that practice is not allowable where a trial is in progress, unless there is disclosed a state of facts which would have rendered the judge ineligible; for example, relationship to a party or interest in the subject-matter of the action. If a two-thirds remonstrance had been filed with the remonstrances for cause, we see no reason why they might not have been tried together, as there is no inconsistency in their being tried together. The two-thirds remonstrance is not strictly a pleading or an answer. *Cochell* v. *Reynolds* (1900), 156 Ind. 14; *Saunlman* v. *Maxwell* (1900), 154 Ind. 114. It is a special proceeding which the General Assembly may control, and between March 10, 1903, and April 10, 1907, there was no right of two-thirds remonstrance. The most that could be said is, that owing to the tendering of a new issue, the change of judge should have been granted. If the change of judge had been sought as to that issue, which did not exist when the trial on the other issues was begun, a different question might be presented, as to which we express no opinion. But to say generally that a change of judge, for a cause which did not render him ineligible, and make it manifestly improper that he should continue, may be granted in the midst of a trial, would be fraught with such consequences that we cannot assent to the proposition. If the claim is timely made, it cannot be refused, and upon affidavit filed at any time, and a showing of the discovery of the cause, even though it be after a rule of court has fixed a time within which it shall be

applied for, it is error to refuse it, and the change must be granted. *Ogle* v. *Edwards* (1893), 133 Ind. 358; *Burkett* v. *Holman* (1885), 104 Ind. 6; *Krutz* v. *Howard* (1880), 70 Ind. 174. The statute says that upon a showing by affidavit of the "bias, prejudice, or interest of the judge before whom the said cause is pending" the venue shall be changed. §422 Burns 1908, §412 R. S. 1881. The language, "before whom the said cause is pending," is of course broad enough to cover any period of the pendency of a cause, but it must receive a reasonable construction. If, as is now the rule, it is sufficient to state the statutory cause or causes, and show lack of knowledge of the cause before, it would follow that the judge might be changed in the midst or at the close of a trial, even though the bias or prejudice might, to the mind of the mover, arise from an adverse ruling of a court upon a question of law during the trial. It must be apparent that the statute is not open to that construction, and that such a rule would be fraught with the gravest consequences. The precise question has not been determined in this jurisdiction, but, upon principle, we think that it must be true, that the change may not be made during trial, unless there is such showing made as to show the entire disqualification of a judge. True, every party is entitled to an unbiased and unprejudiced trier of fact and of law, and the presumption is that a judge who acts in a cause is unbiased and unprejudiced. On discovery of a condition, or a state of facts on a trial, which render it manifestly improper for a judge to act, the submission should be set aside on his own motion and the change made. If this is not voluntarily done, a showing should be made that cannot be ignored. But it should be more than the mental conclusion of a party on such an abstract question as bias or prejudice, stated in the language of the statute. It could not, in reason, be required that the application should be made before discovery. If the discovery of bias or prejudice arises during trial, because of a supposed

extreme or adverse ruling, and a party should be so impressed as to feel justified in making the affidavit, the progress of the trial courts might be arrested at any stage. It is useless to argue the evils of such a rule. We think the court did not err in refusing a change of judge under the facts in this case.

Appellant's contention that the second proviso of section three of the act of 1907 (§6142, *supra*,) is not properly embraced in the title of the act, we think is untenable.

8. The title is general, and embraces every allied subject incident to the subject of ditches. It is next urged that the title of every act revised or amended shall be set forth and published at full length. In this

9. counsel are correct. But the rule has no application in this case. The act as revised or section as amended must be set out. It is sufficient that the subject-matter and general character, and not all matters

10. properly connected therewith, be embraced in the title. *Kaufman* v. *Alexander* (1909), 173 Ind. 136; *Advisory Board, etc.,* v. *State, ex rel.* (1908), 170 Ind. 439; *Knight & Jillson Co.* v. *Miller* (1909), 172 Ind. 27.

The act does not purport to be a revised or amended act, but a complete and independent act, under the title, "An act concerning drainage, and repealing laws in con-

11. flict," and under that title all germane subjects are properly embraced. *State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595; *Knight & Jillson Co.* v. *Miller, supra.*

There is nothing in the point as applied to this case that an act which has been repealed cannot be amended. There is no pretense that this act amends any statute.

The word "act" as first used in the last clause of section seven should be read "section;" the context

12. makes that proposition clear, and we are required so to read it. *Jocelyn* v. *Barrett* (1862), 18 Ind. 128; 26 Am. and Eng. Ency. Law (2d ed.) 655.

We have here no question of vested rights, or of the tak-

ing away by a repealing clause of any right of appellants, for the reason that, being a special statutory proceeding, the right may be taken away, and for the further reason that there is no right in a remedy, unless it is so changed as to be rendered nugatory. A remedy is here preserved. The legislature is the judge of the measure of jurisdiction which it will grant or withhold. *Kunkalman* v. *Gibson* (1909), 171 Ind. 503; *Taylor* v. *Strayer* (1906), 167 Ind. 23, 119 Am. St. 469; *Dowell* v. *Talbot Paving Co.* (1894), 138 Ind. 675, 689.

We do not understand that the proviso of section three in regard to filing remonstrances, is in any respect retroactive. It is just the reverse. The proceeding being special, with the right of absolute repeal in the legislature, it may attach such conditions as it sees fit to a continuance of the proceeding.

The proceeding being a special statutory one, the general rules of practice in civil actions are only applicable where the special statute is silent, hence the provision for remonstrance, being prescribed by the statute, controls. If it is sustained, dismissal of the proceeding follows. The statute prescribes the character of the remonstrance, and it indicates that it is intended to give the largest rights with the minimum of form and trouble to the landowners. As to the remonstrance for cause, specification and verification are required. §6143 Burns 1908, Acts 1907 p. 508, §4.

To the point made by appellants, therefore, that the remonstrance came too late because it was filed after the remonstrances for cause, it is sufficient to say that it could not be filed until the statute authorized it.

And to the point that the statute fixes no time for filing such remonstrance, it is pointed out that upon analogy to the immediately preceding proviso, it may be filed within twenty days from the date the act went into force.

If there could be any doubt about that question, it is to be remembered that it is not to be expected, as a rule, that a statute in a system of laws is so complete in itself as to need no aid from other laws. Kindred laws may be looked to. A thing within the intent of a statute, is as much a part of it, as if it were within the letter. *Conn* v. *Board, etc.* (1898), 151 Ind. 517.

After the expiration of twenty days from the filing of the two-thirds remonstrance, seven of the remonstrators filed a written withdrawal, which, upon motion of appellees, was stricken out. We think upon every analogy it must be true with respect to drains, as in case of liquor remonstrances or road petitions, that the remonstrance must contain the requisite two-thirds at the time of the expiration of the time for filing, and in case of remonstrances to highway petitions, at the time acted on. The status thus fixed in a drainage case cannot be affected by subsequent additions or withdrawals, just as withdrawals from road petitions cannot affect the jurisdiction, so long as any petitioner remains. *Hinchman* v. *Wilson* (1901), 156 Ind. 476; *Sauntman* v. *Maxwell* (1900), 154 Ind. 114; *White* v. *Prifogle* (1896), 146 Ind. 64; *Sutherland* v. *McKinney* (1897), 146 Ind. 611; *State* v. *Gerhardt* (1896), 145 Ind. 439, 33 L. R. A. 313; *Munson* v. *Blake* (1885), 101 Ind. 78; *Little* v. *Thompson* (1865), 24 Ind. 146.

The withdrawal could only affect the question of liability for costs, and while the motion to withdraw should have been here sustained, it was harmless, for the question was only one of costs, which could be presented by a motion to tax costs.

Notwithstanding the fact that an alleged two-thirds remonstrance had been filed prior to the taking effect of the act, there was no law in force authorizing such remonstrance. The act of 1903 (Acts 1903 p. 504) omitted the provision for a two-thirds remonstrance

given in previous acts. The act of 1905 (Acts 1905 p. 456, §§5622-5635 Burns. 1905) in nowise affects the question here involved, as it expressly saves pending proceedings, with the exceptions named, and provides for the conclusion of such proceedings as if that act had not been passed. §5635, *supra*. All proceedings commenced under the act of 1905, *supra*, are expressly saved in the act of 1907.

As we understand the second proviso of §6142, *supra*, it means, that in cases where prior to the going into effect of the act of 1903 proceedings had been begun, and a two-thirds remonstrance had been filed under the statutes theretofore authorizing it, a remonstrance could not be again filed. The reason is, we think, apparent. Under the acts prior to 1903 a two-thirds remonstrance was authorized, and if not filed within the time prescribed the legislature determined that the privilege should not be extended. But as to proceedings begun after the act of 1903, *supra*, went into effect, since no remonstrance could be filed, the act of 1907, *supra*, furnishes a wide latitude of expression for those in interest as to whether the work should proceed, and the proviso was inserted for the purpose of allowing that expression. As a matter of contemporaneous history, we know that the repeal by the act of 1903. *supra*, of the right of general remonstrance aroused a storm of protest from the public in general whom it might or did affect, and the restoration of the right was in response to a wide public demand, and clearly within the legislative discretion.

It is next urged that the proviso is invalid because no provision is made as to the time within which the remonstrance shall be filed. As was said in the case of *Conn* v. *Board, etc., supra:* "A matter or thing within the intention of the makers of the law is the same in effect, as if it were within the express letter. * * * It is not, * * * as a rule, expected that a statute which has a place in a general system of laws, will be

so perfect as to need no support from the rules and provisions of the system of which it forms a part, and hence, when it is a part of a general system of laws upon the same subject, its construction or interpretation may receive support from the rules and provisions of that system." If the statute is doubtful or uncertain, the circumstances under which it is enacted, other statutes, if there are any upon the same subject, whether passed before or after the statute under consideration, whether in force or not, the history of the country, the condition of affairs, the mischief sought to be remedied, and the object sought to be attained, may all be looked to in ascertaining the legislative intent. *State Board, etc.*, v. *Holliday* (1888), 150 Ind. 216, 42 L. R. A. 826; *State* v. *Myers* (1896), 146 Ind. 36; *Lime City Bldg., etc., Assn.* v. *Black* (1894), 136 Ind. 544; *Pittsburgh, etc., R. Co.* v. *Backus* (1893), 133 Ind. 625, 18 L. R. A. 729; *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513; *Parvin* v. *Wimberg* (1892), 130 Ind. 561, 15 L. R. A. 775, 30 Am. St. 254; *Board, etc.*, v. *Board, etc.*, (1891), 128 Ind. 295.

With these principles before us, What are we to understand the legislative intention was with respect to this proviso? Clearly, to permit an expression of their will, by a majority in interest or of those affected, resident in the county; and just as clearly, from the previous legislation, and the immediately preceding proviso, that they, as well as the petitioners, should be put in the same situation as if there had been a right of remonstrance when the petition was docketed, and that the remonstrance should be filed within twenty days. And where there was not at that time such right, it must be exercised, if at all, within twenty days from the time the right accrued—that is, from the time the act took effect. The time under previous acts for filing remonstrance, both for cause and a two-thirds remonstrance, was the same, and we have no doubt of the intent of this proviso, and that it should be construed

as if it read, "such remonstrance may be filed within twenty days." It has been held that the statute of 1905, though silent as to the length of notice of a supplemental petition for a drain, implies a reasonable time. *Righter* v. *Keaton* (1908), 170 Ind. 461. But from every analogy, under the section under consideration, the time for remonstrating is within twenty days from the time the act took effect. It will be noted that the remonstrance is to the "report," under the assumption that time for remonstrance to the petition has passed, and the first proviso of the act of 1907, *supra,* is to the "petition," or under the act of 1905, *supra,* to the "preliminary report." The statute is essentially remedial, but we do not think it requires a liberal construction to ascertain its meaning, and intent.

The real conflict in this case is as to who shall be counted in determining whether "two-thirds in number of the landowners named as such in the petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated," have remonstrated. Under prior statutes, the remonstrance was by those "affected as shown by the preliminary report," or "named in the petition," which required the names of the owners, if known, to be given, or if unknown to be so stated, or all who appeared by the tax duplicate or records of transfer to be owners, to be stated in the petition. The report need not be broader. The assessment was against the land.

The act of 1907, *supra,* is very different as to the two-thirds remonstrance, which may be filed to the "report," of course, after the proceeding has passed the stage of possibility of remonstrance to the petition within twenty days of the docketing thereof. The language is that "such remonstrance may be filed to the report." Here again the reason is not far to seek. The first proviso not only includes those who are "named in such petition," but also those who may be "affected by any assessment or damages," etc.

Clearly, under that proviso, the petition on its face would
furnish the means of ascertaining those who should be
counted, unless others, who might be affected by any as-
sessment or damages, disclose themselves. But if there is
a failure to disclose the others in the petition, they may,
upon a showing, come in and remonstrate, for the reason
that their interests may manifestly be the same as those
who are named, and their interest may be disclosed in some
other way. _Keiser_ v. _Mills_ (1904), 162 Ind. 366; _Bell_ v.
_Cox_ (1890), 122 Ind. 153. When the report is made, other
persons may be brought in, and they have the right of re-
monstrance, as have those who may be brought in on supple-
mental petition. Acts 1907 p. 508, §§3, 8, §§6142, 6148
Burns 1908.

The remonstrance must be by two-thirds of those named
in the "report," and "such remonstrance." The remon-
strance in the first proviso may be by the "landowners who
may be affected by any assessment or damages," who, if
not disclosed by the report, for the like reason as in case
of the petition, must intervene, or show that they
are affected or damaged, unless it is otherwise disclosed,
for the rule of construction produces this result in taking
the two provisos together. The intention disclosed, that
there should be the fullest expression of the wishes of those
affected, points to the proposition that there should be the
right of all who are affected to be heard, or counted for or
against the improvement, according to whether they remon-
strate, or assent by silence. The marked difference between
former statutes and the one under consideration emphasizes
that fact. It will be noted that the interest is not one of
degree, and he who has the smallest interest has the same
voice as the one who has the greatest. It is only essential
that he be affected by any assessment made, or be damaged.
It will readily be seen that the name of any one affected
by any assessment would have to appear in the report, un-

less his interest arises from privity of estate. If he is to be bound by the assessment, it necessarily follows that he has a right to be heard somewhere. This is one of our primary principles. By the negative act of the commissioners in regarding him as not damaged or not entitled to damages the name of one who might be damaged might not appear as one damaged. The statute is significant as embracing both cases. If the petition is sufficient and the proper notice given, and there is jurisdiction, then they who assert the right of remonstrance have the affirmative to show that two-thirds of those affected by any assessment or damages have signed the remonstrance. *Sauntman* v. *Maxwell* (1900), 154 Ind. 114; *Head* v. *Doehleman* (1897), 148 Ind. 145, 148.

The filing of a drainage petition giving the name of the owner as it is upon the tax duplicate, and the giving of notice to the owner or occupant, do not preclude the right of the real owners to remonstrate. It will be readily seen that jurisdiction of the subject-matter is given by statute, and the acquiring of jurisdiction to assess, upon grounds of public policy, may well be so conferred. It will scarcely be urged that if the true name of an interested person is known, the name given on the tax duplicate should be conclusive, since it would be very easy in many cases to preclude the true owner from objecting. When the remonstrance stage is reached, if there is a right of remonstrance at all, it must be the same to all who are alike affected and situated, and the statute manifestly is framed with that object in view.

Those seeking to remonstrate, who are not named in the report, ought doubtless to show that they are affected by the assessment or damages, in order that they may have standing, but the remonstrators must affirmatively show that they constitute two-thirds of the landowners affected by the assessment or damages. That is a question

of fact, which the petitioners may contradict. The owners of lands, as appears on the tax duplicates or records of transfers, at the time the petition is filed, may be very different and more numerous than the real owners at the time the report is filed, either because of conveyances, or because of devises or descent. It is quite certain that they must all be counted.

The proceeding it is true is *in rem,* against the land, but the *res* does not remonstrate, the landowners, or those whose lands are assessed, or who may be damaged, remonstrate. That is a personal right, and must inhere in all who are affected by the assessment or damages. Doubtless the legislature would have the power to restrict the right of remonstrance to those named in the report, but it has not done so, for if the next day after a report is filed the owner dies, there would be no right to a hearing on behalf of his heirs or devisees. We think it clear that, under a liberal construction to promote drainage, the legislature intended that as to cases falling within this proviso, and which could only apply to any case for a period of twenty days after the act went into force, all who are "affected by any assessment or damages," meant what the plain language imports.

If it be said that there should be some limitation as to who should be counted—otherwise constant changes in title would render proceedings difficult—it is sufficient to say that no change occurring after the twenty-day period could affect the question. The doctrine of relation affects the lien, but not the status, of the parties affected by the assessment or damages under this particular act. In the case of *Karr* v. *Board, etc.* (1908), 170 Ind. 571, it is held that a township trustee under the act of 1885 (Acts 1885 p. 129) is a proper party to any proceeding concerning the destruction or injury of a township bridge. In the case of *Honnold* v. *Endicott* (1908), 170 Ind. 16, it is

held that under the act of 1905, *supra*, the board of commissioners is not a proper party on the ground that it is not a "landowner," where only a public highway is affected. This case distinguishes *Zumbro v. Parnin* (1895), 141 Ind. 430, where it was held that a township was a landowner under the act of 1885. In that case, one not named in the petition was held to be properly admitted to remonstrate, and to have the rights of a petitioner. In *Goodwine v. Leak* (1888), 114 Ind. 499, it was held that persons affected by the drain, who are not named in the petition under said act of 1885, had ten days, after notice, in which to remonstrate. In the case of *Reasoner v. Creek* (1885), 101 Ind. 482, it was held that, under the act of 1883 (Acts 1883 p. 173, §3) a person who was injured might remonstrate, though no damages were assessed. In the case of *Yancey v. Thompson* (1892), 130 Ind. 585, it was held that, under the act of 1885, *supra*, only those named in the petition had a right to remonstrate. In the case of *Sauntman v. Maxwell* (1900), 154 Ind. 114, it was held that, under the act of 1885, *supra*, as amended in 1889 (Acts 1889 p. 285), persons who join in a remonstrance might be treated as applicants to become parties, though not named in the petition. Those whose lands are assessed or who are damaged are none the less "affected," though not named, when they are bound as privies, by virtue of notice to others.

33. The act of 1907, *supra*, was evidently enacted with these various constructions before the legislature.

Whether persons are entitled to remonstrate, on the ground that they are affected by an assessment or are damaged, may be a question of law, as well as of fact. As this proviso permits them to remonstrate, by disclosing their right so to do, regardless of their being named in the petition or report, they have the affirmative of showing such right, as well as the burden of showing

that two-thirds of those resident in the county or counties "affected by any assessment or damages" have signed the remonstrance. And for the same reason, those who do not remonstrate must be regarded as assenting, but they must be counted. The right of those not named in the petition to remonstrate is coextensive with the right of all others affected by "any assessment or damages" to be considered. The petitioners have the right, as have all others in interest, to rely upon the spirit of the statute.

Section one of the act in force when this proceeding was begun (Acts 1901 p. 161, §5623 Burns 1901), as well as section two of the act of 1907 (Acts 1907 p. 508, §6141 Burns 1908), provides that the petition shall give the names of the owners, if known, and if unknown, shall so state, but said §6141 requires that diligent inquiry be made to ascertain the names. Jurisdiction may be acquired in case the name of the owner is unknown, by giving the name of the person "who appears to be the owner by the last tax duplicate or record of transfers," etc. That is for a wholly different purpose than the question as to who may remonstrate, or who may be counted in determining whether two-thirds of those affected have signed the remonstrance, when it is disclosed by the remonstrance, or on the hearing, who the owners affected are. That provision is for acquiring jurisdiction, while the other question is one of procedure, after jurisdiction has been acquired. By section three of said act of 1907 (§6142 Burns 1908) and section two of said act of 1901 (§5624 Burns 1901) notice may be given to the owner or occupant, but there is no provision for notice to unknown owners. Certainly it could not be contended, in face of the statute, that they have no rights, or that they may not be heard by way of remonstrance, or considered in determining the question of the sufficiency of the remonstrance.

The findings of the court show that there were 163 per-

sons named in the report, that there were 42 persons resid-
ing in Huntington county who. were owners of lands
36. assessed at the time the petition, the report and re-
monstrance were filed, whose lands stood on the rec-
ords of transfers and the tax duplicates in the names of de-
ceased persons, and that notice was given to the tenants or
occupants, that one person had died after the report was
filed, and at the time the remonstrance was filed the prop-
erty was owned by three persons, that fourteen persons re-
siding in the county had purchased lands after the report
was filed, and before the remonstrance was filed, which had
been assessed under notice to the former owners, that in one
instance a tract of land was described on the tax duplicate
as "Mary E. Raifsnyder's heirs," under a deed conveying
the land to "Mary E. Raifsnyder, our daughter, and to the
heirs begotten of her body, and those yet to be begotten, and
the grantors hereby reserve a life estate in the above-de-
scribed real estate with the right of control and occupancy
so long as they or either of them may live, to the same ex-
tent as if this deed had not been made, and at the death
of these grantors, the grantee to take and hold a life es-
tate in the above-described real estate, and after the death
of said grantee, then the heirs begotten of the body of the
grantee shall have all right, title and interest in fee simple
of said real estate," that the grantors died before the peti-
tion, report and remonstrance were filed, and at the time
the report was filed, Mary Raifsnyder and four children be-
gotten of her body were living (the court finding that the
children had no interest, and that Mary E. Raifsnyder took
a fee, and that the children should not be counted), that 128
persons, of the 163 named in the report, signed the remon-
strance, "that in all cases as set out in the several findings,
where the landowners named in said report of said drain-
age commissioner were dead at the time of the filing of the
petition, and the land appeared on the transfer records and
tax duplicates in the name of such deceased person, and

was assessed in their names, and where no notice thereof was served on the heirs of said deceased owners, and where the only notice as to such tracts was by leaving a copy thereof with the tenants or occupants of such lands, and such heirs did not voluntarily appear in the proceedings, and did not sign a remonstrance against said report, they should not be considered as parties and landowners in favor of the report, that the only persons that should be considered as landowners, and as forming the gross number, are the persons who are residents of the county, and who are named as landowners in the report.''

As to the rights of the Raifsnyder children, we express no opinion; for, leaving them out of consideration, for the reasons herein shown, there are, by the findings, shown to be 163 persons residents of the county and nine nonresidents named in the report; 42 persons residents of the county when the report was filed who owned lands assessed in the names of deceased ancestors; 3 persons resident of the county to whom land descended after the report was filed and before the remonstrance was filed, or a total of 208 residents of the county affected by the assessment reported, two-thirds of which would be 139 persons, and only 128 persons remonstrated.

The judgment is reversed, with instructions to the court below to restate its conclusions of law upon the question of the two-thirds remonstrance, and render judgment thereon in favor of the petitioners, and for further proceedings in accordance with this opinion.

## On Petition for Rehearing.

Myers, J.—We have again gone over the record carefully on petition for rehearing from the point of view of appellees' learned counsel. They concede that there were 163 persons and corporations named in the report of the drainage commissioners. To this number,

they concede, should be added 46 persons affected who are heirs or devisees of persons named in the report, who were deceased at the time when the remonstrance was filed, and who were the owners of lands assessed, according to the tax duplicate, and 16 persons who were grantees of persons named in the report, and owners of lands assessed when the remonstrance was filed, making a total of 225 persons. As against this number they claim deduction of 13 names of persons named in the report who were in fact deceased, and 17 on account of persons who had sold their land to others, leaving, according to their claim, 195 persons affected, and that they are entitled to count John C. Christian and Wilda Kline as heirs of Lydia Christian, which, added to the 128 found by the court, made the remonstrators 130 in number. They have, however, failed to count Edward Long and Lucy Imler, heirs of Henry Long, which on their own basis of calculation makes the total number affected 197, requiring 132 to constitute the necessary two-thirds to defeat the proceeding.

Without taking the time to point out those who we originally concluded should be counted, which raised the number to 208, we have specified enough to show that appellees are in error as to having a two-thirds remonstrance. Upon the question of the construction of the statute we are satisfied that the original opinion is correct, and the petition for a rehearing is overruled.