## ANSON ET AL. *v.* THORN ET AL.

[No. 22,149. Filed January 6, 1914.]

1. DRAINS.—*Proceedings to Establish.—Report of Commissioners. —Effect of Failure to Remonstrate.*—Under subd. 9, §6143 Burns 1908, Acts 1907 p. 508, as well as under subd. 9, §5625 Burns 1901, Acts 1885 p. 129, that a proposed drain will neither improve the public health nor be of public utility is a ground for remonstrance, and a failure to remonstrate for such cause concedes the truth of the finding in the commissioners' report to the effect that the proposed work will be of public utility and will improve the public health. p. 696.

2. DRAINS.—*Assessments.—Property Liable.*—The finding that each parcel of appellants' land would be benefited to the extent of the assessment made against it in the report of the drainage commissioners was not erroneous, although it was shown that from the location of the proposed drain such land could not be directly benefited, since to authorize an assessment it is not essential that the benefits be direct. p. 697.

3. APPEAL.—*Questions Reviewable.—Record.*—Questions requiring a consideration of the evidence cannot be reviewed where the evidence is not in the record. p. 699.

From Huntington Circuit Court; *Robert M. VanAtta*, Special Judge.

Proceeding by William Thorn and others for the establish-
ment of a drain in which Tully Anson and another filed
remonstrance.  From a judgment against the remonstra-
tors, this appeal is prosecuted.  *Affirmed.*

*W. A. Branyan* and *W. D. Hamer,* for appellants.
*John Q. Cline* and *Claude Cline,* for appellees.

MORRIS, C. J.—In 1904 appellees commenced this proceed-
ing, which was one to establish a drain.  The cause has
been here before.  *Thorn* v. *Silver* (1910), 174 Ind. 504, 89
N. E. 943, 92 N. E. 161.  This appeal is from a judgment
for appellees, on issues formed by appellants' remonstrances
against the report of the drainage commissioners.  These
were grounded solely on the allegations, (1) that each re-
monstrator's land will not be benefited as much as the as-
sessment against it; (2) that the expense of construction will
exceed the aggregate benefits; (3) that the land of each
appellant, Tully Anson and Henry L. Maddux, will be dam-
aged.  Subds. 5, 7, 8, §6143 Burns 1908, Acts 1907 p. 508.
The cause was tried in July, 1911, with a special finding
of facts, and conclusions of law thereon, stated by the court,
in favor of appellees.  Judgment was rendered approving
and confirming the assessments contained in the report, and
establishing the drain.  The errors assigned here are based
solely on the alleged errors in the court's legal conclusions.

Appellants contend for a reversal because the court made
no finding in relation to the public utility of the ditch, or to
its improvement of the public health.  They tendered
1.  no issue that would make such finding appropriate,
though they might have remonstrated on such ground.
Subd. 9, §6143 Burns 1908, Acts 1907 p. 508; subd. 9, §5625
Burns 1901, Acts 1885 p. 129.  The proceeding, when the
cause was heard, was governed by the drainage act of 1907.
§21, Acts 1907 p. 508.  *Thorn* v. *Silver, supra.*  By
failing to remonstrate for such cause, appellants conceded
the truth of the finding in the commissioners' report, to the

effect that the proposed work will be of public utility, and will improve the public health. §6143 Burns 1908, Acts 1907 p. 508.

The findings show that the channel of the proposed ditch is in a narrow valley, on either side of which the land rises abruptly to a height of from ten to forty feet, and that the lands of some of the appellants, assessed in the report, are included in such high land. Appellants claim that such lands cannot be *directly* benefited by the drain, and that consequently they cannot be legally assessed, although the court specially found that each parcel would be benefited to the extent of the assessment made against it in the report. Counsel are in error in such contention. It is not necessary that the benefits shall be direct. *Watson* v. *Armstrong* (1913), *ante* 49, 102 N. E. 273, and cases cited. Other questions are presented, but their determination would require a consideration of the evidence, which is not in the record.

Judgment affirmed.

NOTE.—Reported in 103 N. E. 800. See, also, under (1) 14 Cyc. 1042, 1049; (2) 14 Cyc. 1059; (3) 3 Cyc. 164. As to what property is liable for assessment for construction of drains and sewers, see 26 L. R. A. (N. S.) 973. As to who is liable for the expense of drainage, see 58 L. R. A. 353.