No. 11,467.

CRAWFORD *v.* POWELL ET AL.

PRACTICE.—*Joint Demurrer.*—A joint demurrer to a pleading consisting of two or more paragraphs should be overruled if any of such paragraphs be good.

MECHANIC'S LIEN.—*Personal Liability to Sub-Contractor.*—The person against whom, under section 5295, R. S. 1881, personal liability for a claim in favor of a sub-contractor furnishing materials for a building might be obtained through notice, and against whom the action provided for in that section could be brought, was the owner of a building for which materials were so furnished and in which they were used; and one not such an owner was not subject to be so made liable though he were personally liable with such owner to the original contractor.

SAME.—*Several Buildings Separately Owned.*—The owner of one of two buildings for which materials were furnished by a sub-contractor could not, through such notice, be rendered personally liable for the materials furnished for the other building separately owned by another person; and where a sub-contractor furnished for two buildings so separately owned materials which were used in said buildings, no distinction between the buildings being made in the furnishing of the materials or in the sub-contractor's claim therefor or his notice, no personal liability under said statute for such claim, or any part thereof, could be enforced by notice to and suit against one of such separate owners alone.

PRACTICE.—*Special Finding.—Motion for New Trial.*—In considering an exception to the conclusion of law in a special finding, the Supreme Court treats the statement of facts in the finding as containing all the material facts shown by the evidence. The failure of the court to state all such facts may be reached by motion for a new trial, assigning that the finding is not sustained by sufficient evidence.

From the Hancock Circuit Court.

*A. L. Ogg, C. A. Ray, F. Knefler* and *J. S. Berryhill,* for appellant.

*E. Marsh* and *W. W. Cook,* for appellees.

BLACK, C.—The appellant sued the appellees, Powell, Hart and Thayer. In each of the three paragraphs of the complaint it was shown, in substance, that Hart and Thayer, being the owners of two certain buildings or having some valuable interest therein, had employed Powell, a mechanic, to make certain repairs upon said buildings and to furnish

the materials therefor; that the plaintiff furnished certain materials, of a value stated, to Powell, to be used, and which were used, by him in repairing said buildings; that the plaintiff gave notice in writing to Hart and Thayer, particularly setting forth the plaintiff's claim for said materials and the amount thereof, and that he would hold them responsible therefor.   It was alleged that when this notice was given Hart and Thayer were indebted in a greater amount to Powell on account of said work, and that the plaintiff's claim remained due and unpaid.

The third paragraph of the complaint, in addition to averments in substance the same as those of the other paragraphs, alleged that while the indebtedness of Hart and Thayer to Powell still existed, Powell, having ordered Thayer to pay the plaintiff's claim, was notified by Thayer of his willingness to do so, and the plaintiff, having been notified by Thayer of said order and of his readiness to pay the claim, agreed to and ratified the arrangement.

The defendants Hart and Thayer answered in six paragraphs, the first being a general denial.   The plaintiff's demurrer to all the paragraphs of this answer except the first was overruled; and the plaintiff having replied, the cause was tried by the court.   A special finding was rendered, to the conclusions of law in which the plaintiff excepted.   The plaintiff moved unsuccessfully for a new trial, and judgment was rendered against Powell and in favor of Hart and Thayer.

It is urged by way of objection to the action of the court in overruling the demurrer to the answer, that its special paragraphs did not state a defence to that part of the third paragraph of the complaint wherein it differed from the other paragraphs.

The fifth paragraph of the answer alleged that the indebtedness averred and charged in the complaint had been paid off and satisfied before the institution of this suit.

Without looking further, it is sufficient to say that the demurrer being joint, and there being at least one good para-

graph of answer to the whole complaint, the demurrer was properly overruled.

In the special finding, the court found, in substance, that Powell repaired two houses, one a store-room, owned by Hart, and the other a dwelling-house, owned by Hart's wife ; that Thayer, being authorized by said owners, contracted with Powell to do the work for a certain sum, for and on account of Hart and Thayer ; that Powell purchased of the plaintiff the materials mentioned in the complaint, of a value stated ; that Powell did the work as contracted, and in doing it used said materials ; that after the work was done the plaintiff sent to Hart and Thayer a written notice, set out in finding.   In this notice, addressed to Hart and Thayer, the plaintiff stated that Powell, " representing to me that he had entered into a contract with you to do certain ornamental work on certain houses of yours, on this representation I sold and furnished to said Powell," on, etc., certain materials to put in said work, particularly mentioning the articles, with their prices, of a total value stated.   Hart and Thayer were requested to take notice that the plaintiff would hold them liable " for the amount, to the extent of your present indebtedness to said Powell."

It was found by the court that when this notice was served Hart and Thayer owed Powell on said work enough to pay the plaintiff's claim ; that at the time when said materials were sold to Powell by the plaintiff, Powell informed the plaintiff that the former " was going to do said work, and was going to use the materials in said buildings, but there was no contract entered into between them that the goods were to be furnished for this particular work, or in any way restricting their use to these buildings.   In the language of the plaintiff, he sold them to Powell, and did not know, or pretend to know, where he was going to use them."

The court stated, as a conclusion, that upon these facts the law was with the defendants Hart and Thayer, and that he

found for them, and for the plaintiff against Powell, and assessed his damages at a sum stated.

The statute under which the appellant sought, by the giving of said notice, to fix a personal liability in his favor upon Hart and Thayer, provided (R. S. 1881, section 5295): "Any sub-contractor, journeyman, or laborer employed in the construction, repair, or furnishing materials for any building, may give to the owner thereof, or, if said owner be absent, to his agent in charge of said building or repairs, notice in writing, particularly setting forth the amount of his claim and services rendered for which his employer is indebted to him, and that he holds the owner responsible for the same. The owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer; which may be recovered in an action," etc. See, for existing statute, section 9, Acts 1883, p. 142.

The person against whom the personal liability for the claim might be obtained under the statute, and against whom the action provided for therein could be brought, was the owner of the building. The notice by which this liability was fixed must have been given to the owner, unless he were absent.

Thayer was not an owner of either of the buildings. The fact that he with Hart was liable to Powell did not render him subject to be made liable to a sub-contractor in a mode by which only the owner of the building can be made liable. Though Hart with Thayer was, under the contract, liable to Powell for work done upon Mrs. Hart's building and for the materials used in repairing it, a personal liability to the plaintiff under the statute could not be fixed upon Hart for materials furnished for the house of which he was not the owner. As it is necessary, in order that a sub-contractor may acquire a lien for materials furnished by him, that they should be furnished for and used in the particular building on which he attempts to acquire a lien, so, in order that a sub-contractor may fix a personal liability upon an owner, under the statute, for materials furnished, it is necessary that

they be furnished for and used in a building owned by the particular person to whom the notice is given.

At the time when the notice was given, Hart and Thayer owed Powell an amount equal to the claim of the plaintiff, but this indebtedness was under a contract for repairing both houses. No particular materials for which the plaintiff had a claim of definite amount were shown, either by the notice served or in the court's findings, to have been furnished for and used upon the building owned by Hart.

We need not decide whether or not when a sub-contractor furnishes materials generally for a number of buildings owned by one person, and such materials are used in the construction or repair of such buildings, the sub-contractor can acquire, under the statute, a personal claim upon such owner for the amount of all or of any part of such materials.

We hold that, under the statute, personal liability can not be fixed upon one not an owner, and that where materials are furnished by a sub-contractor for two buildings, separately owned by different persons, and such materials are used in the construction or repair of said buildings, no distinction between said buildings being made in the furnishing of the materials therefor or in the sub-contractor's claim or notice, no personal liability under the statute for such claim or any part thereof can be enforced against the owner of one of the buildings. *Hill* v. *Braden*, 54 Ind. 72, a case relating to liens on buildings for materials, is instructive in this connection.

It will be observed that, while in the special finding the court stated some evidence tending to prove that the goods were furnished for the buildings in which they were used, and some evidence of a contrary tendency, it stated that there was no contract between Powell and the plaintiff that the goods were to be furnished for this particular work, or in any way restricting their use to these buildings.

If the case were that of an attempt to fix a personal liability under the statute upon the owner of a single building

for materials furnished for it and used in its repair, such a finding would preclude a conclusion of law in favor of the plaintiff; for the cause of action provided by the statute could be acquired only in the manner and under the circumstances indicated by the statute.

Complaint is made in argument against the special finding, because it contained no statement concerning the question whether Thayer had personally promised to pay the plaintiff's claim.

In considering an exception to the conclusion of law in a special finding, we must treat the statement of facts in the finding as a correct statement of all the material facts shown by the evidence. If material facts proved are not stated in the finding, this error could be reached by a motion for a new trial, assigning as cause that the finding was not sustained by sufficient evidence. The appellant did move for a new trial for such cause, and also for the reason that the finding was contrary to law. Upon an examination of the evidence, we find that the motion was properly overruled.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the costs of the appellant.

Filed Oct. 30, 1884; petition for a rehearing overruled April 25, 1885.