Filed May 9, 1889.

---

No. 13,726.

## HESS ET AL. *v.* HESS ET AL.

REPLEVIN.—*Landlord and Tenant.—Crops.—Special Finding.—Conclusion of Law.*—A special finding of facts, in an action of replevin, showing that the plaintiff had leased certain land for the term of one year, and as much longer as he desired to retain it, will not support a conclusion of law that he is entitled to clover seed produced upon the land in the third year after the lease was executed, unless there is also a finding that the tenancy continued up to that time.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale*, for appellants.

*C. Kellison* and *A. C. Capron*, for appellees.

OLDS, J.—This is an action of replevin, brought by the appellees against the appellants, to recover the possession of personal property described in the complaint as "a certain quantity of unthreshed English clover seed, the same being cut and contained in two fields, containing about eight and

five acres, respectively, on the following real estate in Marshall county, Indiana, to wit: The north half of the northeast quarter and the southwest quarter of the northeast quarter of section number seventeen (17), in township thirty-four (34) north, of range three (3) east, of the value of one hundred and twenty-five dollars, of which defendants have possession unlawfully, wrongfully and without right, and which is unlawfully detained from plaintiffs by the said defendants."

The cause was submitted to the court, and the court found the facts and stated its conclusions of law, and rendered judgment in favor of appellees. The appellants excepted to the conclusions of law, and assign error upon them.

The special finding of facts is as follows: " On the 8th day of April, 1886, and for many years before that time, Peter Hess was the owner of the land in this county described in the complaint, to wit: The north half of the northeast quarter and the southwest quarter of the northeast quarter of section 17, township 34 north, of range 3 east; that on said day he conveyed said land by deed to Solomon Whitsell and his wife; that in the spring of 1884 Frederick Hess and Jacob Hess rented said land from Peter Hess; that these parties are brothers and all live near the said land; part of the time, after renting, Jacob lived on the land; that the renting was for a year, and for as much longer as the lessees desired to retain it; the said Peter was to receive as rents ($\frac{1}{3}$) one-third that was raised on the land and the plaintiffs ($\frac{2}{3}$) two-thirds; that in pursuance of this agreement, among other crops wheat was sown on part of the land in the fall of 1884; that on part of the land sown in wheat that year what is called English clover was also sown; that in 1886 this clover produced a crop for seed, which amounted to 53 bushels when threshed; that at the commencement of this suit, which was before the seed was threshed, the same was of the value of two hundred dollars; that the defendant for many years lived on adjoining lands to that described in the complaint, and at the time he took

the conveyance aforesaid had constructive notice of the rights of the plaintiffs in and to the crops growing on the land described in the complaint."

As conclusions of law on the facts found, the court stated that at the commencement of this action the plaintiffs were, and that they are now, entitled to the possession of the property in controversy, and that at the commencement of this action the defendants unlawfully detained the same.

The finding of facts is insufficient. There is a finding that the appellees, in the spring of 1884, leased of the appellant Peter Hess the land described in the complaint, for the term of one year and for as much longer as appellees desired to retain it; that in the fall of 1884, in pursuance of the agreement, wheat was sown on part of the land, and on part of the land sown to wheat clover was sown. There are no facts found showing that the lease was, by the option of appellees, continued or to be continued beyond the one year, and the clover was grown and harvested the third year from the date of the lease. In 1886 the clover produced a crop of seed, but there are no facts found showing that such crop of clover was the clover described in the complaint. There are no facts found showing that the defendants, the appellants, had possession of the land, or had possession of either the clover mentioned in the finding of facts or described in the complaint. Nor is it found by whom the wheat or clover was sown, except as it may be inferred. It is stated that in pursuance of the agreement, among other crops, wheat was sown, but it is not stated that it was sown by the plaintiffs or either of them. It was at least necessary, to continue the lease, to have found facts showing that the lessees continued in possession or gave notice of their intention to hold until the harvesting of the crop of clover in 1886. Clover is a grass, and the sowing of grass-seed would not of itself be sufficient to continue a lease until all the crops of seed which it would produce might be harvested. The finding of

facts is not sufficient to warrant the conclusions of law in favor of the appellees or to entitle them to a recovery.

There was a motion for a new trial by appellants, assigning as a cause for a new trial that the finding of the court is not sustained by sufficient evidence, and the motion should have been sustained. *Crawford* v. *Powell*, 101 Ind. 421; *Quill* v. *Gallivan*, 108 Ind. 235.

The judgment is reversed, at the costs of appellees, with instructions to sustain appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

Filed May 9, 1889.