Filed June 7, 1893

———————◆———————

No. 924.

## KEENEY ET AL. *v.* WHITLOCK ET AL.

PERSONAL PROPERTY.—*Real Fixture.*—*When Becomes a Chattel Fixture.*—*Assignee's Sale.*—*Scales.*—An owner of real estate abutting on a street erected scales in the street adjoining such property, and, afterwards, while the scales were so situate, made an assignment for the benefit of creditors, such real estate and scales being among the property assigned. The assignee sold the scales to A. as personal property, which sale was approved by the court; and on the day following such sale the assignee sold the real estate to B., who knew of the sale of the scales. B. afterwards sold the real estate to C., who also knew of the sale of the scales. Afterwards C. purchased the

Keeney *et al. v.* Whitlock *et al.*

inchoate interest of the assignor's wife in the real estate, and, subsequent thereto, A. removed the scales. C. seeks to recover of A. the value of the scales, or damages for trespass on the real estate.

*Held,* that as the scales were treated as personal property by the trustee, with the sanction and approval of the court, and without objection of any of the parties interested, the claim of C. is without merit, and he can not recover thereon.

From the Ohio Circuit Court.

*J. B. Coles* and *G. B. Hall,* for appellants.

*R. L. Davis,* for appellees.

DAVIS, J.—Several errors are assigned, but the entire case turns on the question as to the ownership of the platform scales in question. There is no conflict in evidence or controversy as to the facts.

Joseph W. Talbott, the owner of the adjacent real estate, erected the scales in the street. Afterwards, when he became insolvent, he made an assignment, under the statutes, to R. R. Jones, for the benefit of his creditors. Jones, as such assignee, sold the scales as personal property to appellee, which sale was reported to and confirmed by the court. On the next day, the assignee sold the real estate to one Bradley, who knew that Whitlock had bought the scales the day before. Bradley afterwards sold the real estate to appellants, who then knew that appellee had previously bought and paid for the scales. Later, appellants purchased the inchoate interest of Talbott's wife in the real estate, and subsequently appellee removed the scales. On this state of facts appellants seek to recover the value of the scales, or the damages sustained by reason of the alleged trespass on the real estate.

It is insisted by appellants:

1. That the title to this part of the street on which the scales were located was in the adjacent owner, subject

only to the rights of the public to use the same as a street.

2. That the scales were a part of the real estate.

3. That through the conveyance of the trustee, and of the wife of Talbott, the title to the scales was vested in them.

The claim of appellants is purely technical. They evidently did not understand that they were purchasing or paying for the scales. The question is, however, what are the rights of the respective parties, whether technical or equitable?

If it were conceded—which we do not decide—that the owner of the adjacent real estate held title to the center of the street, in this case, subject only to the public easement, and that the scales were a part of the real estate, yet we are of the opinion that, under the undisputed facts disclosed by the record, appellee had the right to remove the scales.

It clearly appears that all of the parties, especially appellants, knew that appellee had bought and paid for the scales, before any sale or conveyance was made of the real estate. Under the circumstances, it would certainly be unjust and inequitable to hold that appellants acquired the scales through the conveyance executed by the trustee. It is insisted, however, that the wife of Talbott was not in any manner bound by any such act or agreements of the trustee and other parties, and that appellants obtained title to the scales, through her subsequent conveyance of an undivided inchoate interest in said real estate. We can not concur in this view. See *Duncan* v. *City of Terre Haute*, 85 Ind. 104.

The scales having been treated as personal property by the trustee, with the sanction and approval of the court having jurisdiction of the estate, and without objection of any of the parties interested, our conclusion is, that,

under all the circumstances, the claim of appellants is without merit.

