# CHICAGO AND SOUTH EASTERN RAILWAY COMPANY v. STATE, EX REL. CITY OF NOBLESVILLE.

### [No. 19,891.  Filed October 7, 1902.]

RAILROADS.—*Conformity of Grade to Street Crossing.—Mandamus.—*To afford security for life and property at a railroad and street crossing, a city may, by mandamus, compel a railroad company to lower the grade of its roadbed so as to conform to the grade of the street. *pp. 237–241.*

TRIAL.—*Special Finding.—Motion to Modify.—*A motion to modify special findings is not recognized by the code of procedure in this State, and such motion is properly overruled. *p. 241.*

SAME.—*Conclusions of Law.—Exceptions.—*To save any question for review by an exception to a conclusion of law, the same must be taken when the conclusions of law are filed. *p. 241.*

SAME.—*Conclusions of Law.—Judgment.—Modification by Motion.—*The correctness of the conclusions of law can not be questioned by a motion to modify the judgment, nor does such motion present any question if the judgment rendered conforms to the conclusions of law. *p. 241.*

From Tipton Circuit Court; *W. W. Mount,* Judge.

Mandamus by State on the relation of the city of Noblesville against the Chicago and South Eastern Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. R. Crawford, U. C. Stover* and *W. H. Najdowski,* for appellant.

*I. W. Christian* and *W. S. Christian,* for appellee.

MONKS, J.—The relator brought this action to compel appellant, by writ of mandamus, to lower its tracks so as to conform to the grade of the streets crossing the same. The cause was tried by the court, a special finding of facts made, conclusions of law stated thereon in favor of appellee, and a peremptory writ ordered requiring appellant to lower its tracks to conform to the grade of said streets.

The errors assigned and not waived are: "(1) The court erred in overruling appellant's demurrer to the alternative

writ. (2) The court erred in overruling appellant's motion to amend the special findings. (3) The court erred in its conclusions of law. (5) The court erred in overruling appellant's motion to change and modify the judgment."

It is alleged in the alternative writ that appellant's line of railway passes through the city of Noblesville on and along Vine street of said city, which extends east and west through said city and intersects Ninth, Tenth, and Eleventh streets, which last named streets run north and south through said city; that each of said streets, before the construction of said railway, and since, and now are public streets of said city, in constant use by the inhabitants of said city, and the public generally, for travel; that said streets running north and south are the principal streets of said city running north and south, and are now improved as hereinafter stated, and are necessary to said city and the public generally, and that the same are constantly traveled by persons on foot, by vehicles, and loaded wagons drawn by horses, and that said streets are intersected by said line of railway at right angles; and that in traveling upon each of said streets the traveler is compelled to cross over said railroad coming or going from the public square, the business portion of said city, to and from the south part of the city, and that on each day hundreds of persons, and loaded wagons and vehicles drawn by horses, have to cross said railroad at the intersections of said streets; that said Ninth street has been graded and improved, both the roadway and the walks, the roadway being paved with brick and the walks with cement, north and south of said line of railway; and said Tenth street has been graded and improved with gravel and with brick. walks north and south of said railway,—each of which improvements were made at thousands of dollars costs to said city and the property owners abutting thereon; and that said defendant company and its predecessors have constructed and is now operating its said line of railroad upon and along

said Vine street, and has laid and maintained its main track of railroad upon and along said street, and has constructed and now maintains side-tracks and switches on and along said Vine street; and that said defendant or its predecessors in the original construction of said main track and said side-tracks and switches elevated its said tracks by grading up the surface of said street, thereby producing an obstruction to the free use of said street, and especially at the intersections of the said streets hereinbefore mentioned which run north and south through said city; and that by the improvements made on said streets aforesaid said elevation of said tracks of said defendant company became still higher, so that now, and ever since said railroad was constructed, said elevation or grade of said defendant's roadbed and tracks thereon have been a continuous obstruction to the free use of Ninth, Tenth, and Eleventh streets at the points of intersection of said railway on said Vine street, and has and does now render the use thereof dangerous to travelers, and subjects said city to constant danger of suits for damages for any accident that may happen to said travelers in crossing said railroad; and that said city would have no recourse on said defendant company in the event it was mulcted in damages on the account that said defendant company has no property subject to execution, and is wholly insolvent.

And said relator further says that it was and now is the duty of said defendant company to level and cut down its said roadbed and said elevation of its tracks so as to correspond with the surface of said Ninth, Tenth, and Eleventh streets at the points of intersection and where the same cross said railway, and to lower its tracks on its main line and side-tracks and switches at said places so that the top of the rail will be on a level with the surface of said crossings as the said streets are now improved; and that the said relator has frequently notified and requested said defendant company to lower its said roadbed and said tracks so as to

be on a level with the surface of said streets as now improved, but that said defendant company has wholly failed and refused to comply with said request and notice and to perform its said duty in reference to said crossings.

In this State a railroad company is authorized to construct its road across a highway only on condition that it restore the highway "to its former state," or place it in such condition "as not to unnecessarily impair its usefulness," and that it construct its road across said highway "so as not to interfere with the free use of the same," and "in such manner as to afford security for life and property." Subdivision 5 of §5153 Burns 1901, §3903 R. S. 1881 and Horner 1901, in force since May 6, 1853; *Chicago, etc., R. Co. v. State,* 158 Ind. 189, and cases cited; Elliott, Roads and Sts. (2d ed.), §§778-780; Elliott, Railroads, §§1102, 1105-1112.

The duty is imposed by statute, and it has been held that it exists independent of the statute. *Evansville, etc., R. Co. v. Crist,* 116 Ind. 446, 454, 2 L. R. A. 450, 9 Am. St. 865; *Evansville, etc., R. Co. v. State, ex rel.,* 149 Ind. 276, 278, and cases cited; *Chicago, etc., R. Co. v. State, supra;* Elliott, Railroads, §§1102, 1105.

In 1895 the General Assembly passed an act which provided: "That it shall be the duty of each railroad company whose road or tracks cross, or shall hereafter cross, any street, avenue or alley in any incorporated town or city in the State of Indiana; which said street, avenue or alley has been, or shall hereafter be by addition, plat or otherwise, dedicated to the public use, to properly grade and plank or gravel its said road and tracks at its intersection with and crossing of said street, avenue or alley in accordance with the grade of said street or avenue, in such manner as to afford security for life and property at said intersection and crossing." Acts 1895, p. 233, §1, §5172a Burns 1901.

It is said in Elliott, Roads and Sts., §778, of the power of the legislature: "It may regulate the use of highways by a railroad company by requiring the crossings to be made in a particular manner; and may even impose upon the company the duty of adapting the track and grade to new highways so as to make the crossings safe and convenient."

Under the law as declared by this court in *Chicago, etc., R. Co.* v. *State, supra,* and the other cases cited, the facts alleged in the alternative writ were clearly sufficient to withstand appellant's demurrer.

Appellee insists that no questions are presented by the second, third, and fifth errors assigned. It has been uniformly held by this court that motions to modify, strike out, or add to the special findings are not recognized by our code of procedure. Where any or all of the facts found are not sustained by the evidence, or are contrary to law, or where facts should have been found but were not, the proper remedy is a motion for a new trial. *Allen* v. *Hollingshead,* 155 Ind. 178, 180; *Jones* v. *Mayne,* 154 Ind. 400; *Smith* v. *Barber,* 153 Ind. 322; *Windfall, etc., Gas Co.* v. *Terwilliger,* 152 Ind. 364; *Banner Cigar Co.* v. *Kamm, etc., Brewing Co.,* 145 Ind. 266, 268, 269; *Tewksbury* v. *Howard,* 138 Ind. 103; *Bunch* v. *Hart,* 138 Ind. 1; *Sharp* v. *Malia,* 124 Ind. 407, 409.

The special findings and conclusions of law stated thereon were announced and filed on December 15, 1900. No exceptions to the conclusions of law were taken on that day. Afterwards, on December 21, 1900, appellant filed a motion to amend the special findings as set forth in said motion, which motion was overruled by the court, after which appellant excepted to each conclusion of law. It is settled that to save any question for review by an exception to a conclusion of law the same must be taken when the conclusions of law are filed. *Medical College* v. *Commingore,* 140 Ind. 296, 298, and cases cited; *Radabaugh* v. *Silvers,*

135 Ind. 605; *Hull* v. *Louth,* 109 Ind. 315, 333, 58 Am. Rep. 405, and cases cited; *Barner* v. *Bayless,* 134 Ind. 600, 605, 606; *Winstandley* v. *Breyfogle,* 148 Ind. 618, *Midland R. Co.* v. *Dickason,* 130 Ind. 164, 166, and cases cited; *Roeder* v. *Keller,* 135 Ind. 692, 696; Elliotts' App. Proc., §793; Ewbank's Manual, §24.

The judgment rendered in this case was in conformity with the conclusions of law, and if appellant's motion to modify the judgment had been sustained the judgment would not have conformed to the conclusions of law. The motion to modify the judgment was therefore properly overruled, even if the conclusions of law were erroneous. The remedy in such case is an exception to each of such conclusions of law, and assigning the same as error on appeal. The correctness of conclusions of law can not be questioned by a motion to modify the judgment, nor does such motion present any question if the judgment rendered conforms to the conclusions of law. *Nelson* v. *Cottingham,* 152 Ind. 135, and cases cited; *Allen* v. *Hollingshead,* 155 Ind. 178; *Maynard* v. *Waidlich,* 156 Ind. 562, and cases cited; *Jones* v. *Mayne,* 154 Ind. 400; *Anglemyer* v. *Board, etc.,* 153 Ind. 217.

Judgment affirmed.