# BEACH ET AL. *v.* FRANKLIN TOWNSHIP OF HENRY COUNTY ET AL.

[No. 7,929.   Filed December 9, 1913.   Rehearing denied March 12, 1914.   Transfer denied April 30, 1914.]

1. APPEAL.—*Presenting Questions for Review.—Defective Findings. —Motion for New Trial.*—Motions to modify, strike out, or add to special findings are not recognized by the code, and rulings thereon can not be assigned as independent error on appeal, but where the facts found are not sustained by sufficient evidence, or the decision is contrary to law, or where facts within the issues should have been found, and were not, the remedy is by a motion for new trial.   p. 225.

2. TRIAL.—*Special Findings.—Withdrawal of Request.*—While a party may withdraw his request for a special finding of facts at any time before the finding is prepared, and a special finding prepared after such withdrawal will be regarded merely as a general finding, where the court has already made a special finding, followed by a motion to modify same presented by the party requesting the finding, a motion to withdraw the request for a special finding made after the overruling of the motion to modify was properly denied, and such denial is not affected by the fact that the special finding had not been signed and filed when the motion to withdraw the request was made.   p. 225.

3. TRIAL.—*Special Findings.—Discretion.*—Where parties do not request a special finding of the facts until after the trial has commenced, the granting or refusal of such request is in the discretion of the court, and on the same principle the refusal of an untimely motion to withdraw a request for a special finding is a matter of discretion.   p. 226.

4. APPEAL.—*Assignment of Errors.—Motion to Withdraw Request for Findings.*—Overruling a motion to withdraw a request for special findings is not cause for independent assignment of error on appeal, but, where such motion was made and overruled after the trial had begun, the ruling, if erroneous, was ground for a new trial.   p. 227.

5. TRIAL.—*Special Findings.—Failure to Find Ultimate Fact.*— The failure of the court to find an ultimate material fact within the issues is the equivalent of a finding against the party having the burden of proving the same.   p. 227.

6. NEW TRIAL.—*Grounds.—Failure to Find Fact Within Issues.*— Where the trial court's attention is duly called to a failure to make a finding on a material issuable fact, as to which there was conflicting evidence, it is the better practice to state in the findings that such fact was or was not found, but a failure to so state is not cause for a new trial, but will be regarded as a finding adverse to the party having the burden to establish such fact. p. 227.

7. NEW TRIAL.—*Grounds.—Findings.—Failure to Find.*—Where the undisputed evidence establishes a fact which the court has failed to find, a motion for a new trial on the grounds that the finding or decision is not sustained by sufficient evidence, and is contrary to law, should be granted. p. 228.

8. APPEAL.—*Review.—Conflicting Evidence.*—The court on appeal can not weigh conflicting evidence, or draw conclusions different from those drawn by the trial court where the evidence is susceptible to different reasonable inferences. p. 229.

9. APPEAL.—*Questions Reviewable.—Record.*—On appeal the court can only consider the questions presented by the record. p. 230.

From Henry Circuit Court; *H. C. Fox,* Special Judge.

Action by Catherine Beach and others against Franklin Township of Henry County and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Forkner & Forkner, Eugene H. Bundy, N. Guy Jones* and *Beach & Mikels,* for appellants.

*Barnard & Jeffrey* and *Fred C. Gause,* for appellees.

FELT, J.—This is a suit by appellants to enjoin Franklin Township, Henry County, Indiana, Thomas White, trustee of the township, and Ernest Rogers, supervisor of a certain road district in the township, from casting surface water on appellants' lands and failing to provide an outlet therefor. The gist of the complaint is that there is a township road running along the west side of appellants' lands; that the road is graded and runs across a certain valley with gutters on both sides of the road from twelve to fifteen inches deep; that the surface water from lands on the west side of the highway runs toward the road and accumulates in the ditch or gutter on the west side thereof; that the natural flow of the surface water is south and east across

appellants' lands; that appellants constructed tile drains on their lands sufficient to carry the water that came upon them and the same were sufficient until destroyed by excess of water collected and turned upon the lands as hereafter stated; that in ordinary rainfall the water collected on the west side of the highway and remained there until it was carried away by percolating through the soil; that in time of extraordinary rainfall the water sometimes overflowed the roadbed but went over in wide sheets and was drained off without washing away the soil or injuring the land; that four or five years before this suit was begun the township officers placed under the roadbed at four points, all within seventy-five rods of each other, four large sewer tile and iron tubes eighteen inches in diameter, which carried the water from the ditch on the west side to the ditch on the east side of the highway and poured the same in increased quantities and in a concentrated manner on the east side without providing an outlet for the escape of the water, and unlawfully cast the same in a concentrated stream on appellants' land and washed channels in the soil from three to twelve feet wide and from eighteen to thirty inches deep and washed the dirt away from over the tile drains and ruined same for drainage purposes and damaged the lands and will continue to do so unless appellees are restrained from casting the water on the lands as aforesaid; that there were no watercourses or channels on appellants' land before the water was poured on the same as aforesaid. Prayer for $1,000 damages and that appellees be perpetually enjoined from concentrating the surface waters and casting the same on appellants' land as aforesaid. The complaint was answered by general denial of all the appellees.

Upon request, the court made a special finding of facts, which is in substance as follows: That on February 22, 1909, Elias B. Beach died testate owning the real estate which is alleged to have been damaged; that he bequeathed the land for life to his wife with the fee in remainder to

his children, the plaintiffs; that Franklin Township, one of the defendants in the cause, is a corporation and a political subdivision of Henry County, Indiana; that defendant White was at the time of the beginning of this suit the duly elected, qualified and acting trustee of the township; that defendant Rogers was at that time the duly elected, qualified and acting supervisor of road district No. 4, in which the lands are situated, and for four years prior to the trial of this cause, as such officer, had charge of the construction, maintenance and repair of the highways in his road district, under the control of the township; that on the west side of the lands there is now and has been for more than forty years a public highway, running north and south, under the control of the township; that more than thirty-five years ago the road, under the direction of proper authorities, was graded along plaintiffs' lands by taking the dirt to the center of the highway and making side ditches; that there is a lane leading from the highway to the dwelling on plaintiffs' lands; that the lands on both sides of the highway are agricultural lands, tiled and in cultivation; that about the middle of plaintiffs' lands there is a depression or valley, through which, before the road-bed was made, the surface water falling on a portion of the land both east and west of the line of the highway, in time of heavy rains and freshets, naturally flowed to the depression and southeast through it across plaintiffs' lands; that about the time the highway was graded for the purpose of taking care of the water collected at that point, the legal authorities having charge of the highway, constructed across the same three wooden culverts which have from time to time been repaired and replaced, and at the present time three iron pipes constitute the culverts; that about the year 1903, the proper officers of the township, for the purpose of protecting the grade of the highway, placed a sewer drain across the same at a point two rods south of the aforesaid lane and about three rods south of

one of the culverts; that the sewer and three iron pipes across the highway are the only drains through which water flows from other lands or the highway over and across plaintiffs' lands, that on plaintiffs' lands there is a depression which has a gradual descent to the southeast; that prior to the construction of the highway, surface water, on a portion of the land west thereof, and on a portion of plaintiffs' lands, naturally collected in and flowed through the depression; "That after the construction of said highway and the placing of culverts and drains therein as set forth, the volume of water that would otherwise have flowed over plaintiffs' lands was not increased, nor the course thereof, down and over the plaintiffs' land as above described, was not substantially changed"; that there has been no change in the construction or manner of maintenance of the highway and drain since 1903; that at the time the highway was graded, and at the time all the culverts and drains above described were placed therein, and at the time of the subsequent changes therein as aforesaid; Elias Beach, from whom plaintiffs claim title, was the owner, and in possession of the land and he had knowledge of the original construction, and of all the subsequent changes and repairs, of the culverts and drains aforesaid at the time they were made; "that he made no objection thereto, but stood by without protest, and thus tacitly acquiesced therein".

On the foregoing finding of facts the court stated as its conclusions of law "that the law and equities in the case are with the defendants, and that the plaintiffs are not entitled to the relief prayed for in their complaint." From a judgment on the foregoing conclusions of law the plaintiffs appeal to this court and have assigned as error: (1) that the court erred in overruling appellants' motion to modify the special finding of facts, to find specially on certain facts, and to make the finding more specific on facts within the issues; (2) that the court erred in overruling the

appellants' motion for leave to withdraw the request for a special finding of facts; (3) that the court erred in its conclusions of law and in each of them; (4) that the court erred in overruling appellants' motion for a new trial.

The first assignment as above stated presents no question, because it is not ground for independent assignment of error. Motions to modify, strike out or add to special findings are not recognized by our code of procedure. Where any of the facts found are not sustained by ufficient evidence, or the decision is contrary to law, or where facts within the issues should have been found, but were not, the remedy is by motion for a new trial. *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 241, 64 N. E. 860; *Blair* v. *Curry* (1898), 150 Ind. 99, 102, 46 N. E. 672, 49 N. E. 908.

It has been held that a party who requests a special finding of facts, may withdraw such request before the finding is prepared and before any decision is announced by the court, and that a finding prepared after such motion to withdraw has been made, will be considered only as a general finding. *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 577, 94 N. E. 236. In this case, however, it appears that in pursuance of a request of the plaintiffs that the court made a special finding of facts and without signing or filing same, submitted it to counsel; that plaintiffs' counsel, in vacation, on August 29, 1910, filed a motion to modify the finding, and on October 5, 1910, at the October term, filed a motion to withdraw their request for a special finding which was overruled, and the court thereupon duly signed and filed its special finding and conclusions of law, to which plaintiffs then excepted and again filed their motion to modify the finding in certain specified particulars. This motion was overruled and exceptions reserved. A bill of exceptions was afterwards presented to and signed by the judge show-

ing the foregoing facts and was filed within the time previously allowed by the court. The court did not err in overruling the motion to withdraw the request for a special finding, which had been made after the decision as to the facts had been announced. To permit a party to a lawsuit to request a special finding of facts and to abide by the request until the finding was prepared and submitted to him and he learned therefrom the court's decision as to the facts, and then, if not to his liking, to withdraw his request, would be to trifle with the court. That the finding had not been signed and filed when the motion to withdraw the request was made, only affords ground for purely technical objections, for such finding as effectively informed the plaintiffs of the court's view of the facts proven by the evidence, as it would have done if duly signed and filed. Our conclusion in this particular instance is strengthened by the fact that plaintiffs recognized the court's statement of the facts as a special finding by filing a motion to modify it. Furthermore, it has been held that, where

3. parties do not request a special finding of facts before or at the commencement of the trial, it is within the discretion of the court to grant or refuse such request if made after the trial has commenced. *Tevis* v. *Hammersmith* (1908), 170 Ind. 286, 289, 84 N. E. 337. This principle is as applicable to the withdrawal of a request after the court has prepared its finding and counsel have acquainted themselves therewith, as it is to the making of a finding in response to an untimely request, and the court therefore did not abuse its discretion in this case by overruling the motion to withdraw the request for a special finding.

The motion for a new trial alleges that the decision of the court is not sustained by sufficient evidence; that it is contrary to law; that the court erred in overruling appellants' motion to modify the special findings and in refusing to find certain facts within the issues; that the court erred

in overruling the appellants' motion for leave to withdraw the request for a special finding.   Overruling appel-

4. lants' motion to withdraw the request for a special finding is not cause for independent assignment of error.   The motion was made and overruled after the trial had begun and before the finding of facts was filed.   If the ruling was erroneous, it was an error occurring at the trial, and ground for a new trial.   It is earnestly insisted that the court erred in failing to find certain facts within the issues upon which evidence was offered, and that the motion for a new trial should be sustained.   It is pointed out that the complaint does not seek relief because the township officers did not have the right to place the culverts and drain pipes across the highway or to maintain them there, but that relief is asked on the ground that by so doing the water was collected and poured upon appellants' lands in a concentrated manner with increased force and current, without providing an outlet therefor, to the great injury of the land and to appellants' damage, as alleged.   We think appellants are right in their contention that under the issue formed by the general denial, whether the water was so collected and concentrated as to increase the force and current to appellants' damage, was an ultimate and issuable fact to be determined from the evidence, and one upon which the trial court might properly have made a definite finding.   But as already shown, where facts within the issues should have been found, but were not, the question is properly presented by motion for a new trial and this has been done by appellants.

It is a general rule that the failure of the court to find an ultimate material fact within the issues, is the equivalent of a finding against the party having the burden of

5. proving the same.   *Wolverton* v. *Wolverton* (1904), 163 Ind. 26, 32, 71 N. E. 123.   The finding that the volume of water was not increased and that its course

6. was not substantially changed, is not a finding either that the water was or was not concentrated and

poured on appellants' land with increased force, to their damage, but under the foregoing rule, the failure of the court to find as a fact that the water was so concentrated and poured on appellants' land, is a finding against appellants for the burden was on them to prove it. Can it be said that appellants are entitled to a new trial because the court failed to find one way or the other as to such fact, after having the question presented by motion to modify the finding and by the motion for a new trial? The court's failure to find such fact was not therefore a mere inadvertence and unless the motion to modify the finding made it the duty of the court to state in the finding its view as to such ultimate fact, the question presented is not different from what it would be if the motion for a new trial simply stated that the finding or decision, is not sustained by sufficient evidence, or is contrary to law. Where the trial court's attention is duly called to a material and issuable fact, upon which there is a conflict of evidence, it would doubtless be proper and commendable practice to state in the finding that such fact was or was not proven by evidence, rather than to omit any statement in regard thereto and leave it to the legal inference aforesaid, yet failure to make any statement in the finding as to such fact, does not change the rule that a failure to find a fact is the equivalent of a finding against the party having the burden of proving the same. If the undisputed evidence established such fact, the motion for a new trial should be sustained where the motion alleges that the finding or decision of the court is not sustained by sufficient evidence and is contrary to law. If there was evidence from which the finding might be either for or against the party having the burden of proof, the decisions make no distinction between cases where the court's attention is called to the omission by motion, as in this case, and the cases where the motion for new trial simply contains the statutory causes that the decision is not sustained by sufficient evidence or is contrary to law. *Pittsburgh, etc., R. Co.* v. *Mont-*

*gomery* (1898), 152 Ind. 1, 25, 49 N. E. 582, 69 L. R. A. 875, 71 Am. St. 301; *Crawford* v. *Powell* (1885), 101 Ind. 421, 426; *Vinton* v. *Baldwin* (1884), 95 Ind. 433, 434; *Dodge* v. *Pope* (1884), 93 Ind. 480, 483; *City of Lafayette* v. *Allen* (1881), 81 Ind. 166, 170; *Spraker* v. *Armstrong* (1881), 79 Ind. 577, 578; *Robinson* v. *Snyder* (1881), 74 Ind. 110, 114; *Ex parte Walls* (1880), 73 Ind. 95, 110; *Graham* v. *State, ex rel.* (1879), 66 Ind. 386, 394.

The finding as to the volume and course of the water is expressly against appellants' contention. On the question of concentration and increased force of the water, 8. under the foregoing rule, the finding is also against appellants. In considering the ruling on the motion for a new trial, the record shows the question of the concentration and increased flow of the water to be such that the court might have found either way from the evidence. Under well-established rules, this court cannot weigh conflicting evidence, or draw conclusions different from those drawn by the trial court where the evidence is of such a character that reasonable minds might draw different inferences therefrom. Conceding appellants' contention as to the law relative to a continuing and recurring injury, the liability of municipal corporations and officers for collecting and pouring water on private property without providing an outlet therefor, and on the question of laches, still the judgment of the lower court must be affirmed because in legal contemplation the finding is against appellants on material issuable facts, essential to a recovery, the burden of proving which rested on them. It is not a case of undisputed evidence as to a material fact, but one of evidence, from which the trial court might have found either for or against appellants, and having found as above indicated, there is no cause for reversal.

We can not say that the trial court rested its decision wholly on the ground of laches though some of the findings indicate that such question was given serious consideration.

This court can only consider the questions presented by the record. The record shows that appellants failed to prove to the satisfaction of the trial court, material facts essential to their right to the relief prayed.

No reversible error is shown either in the conclusions of law on the finding of facts, or in overruling the motion for a new trial. Judgment affirmed.

NOTE.—Reported in 103 N. E. 498. As to how to obtain and to secure for review errors of trial court in giving or refusing instructions, see 99 Am. Dec. 118. See, also, under (1) 29 Cyc. 748; (3) 38 Cyc. 1958; (5, 6) 38 Cyc. 1985; (7) 29 Cyc. 836; (8) 3 Cyc. 348, 360; (9) 3 Cyc. 176.