## STARR ET AL. *v.* SWAIN ET AL.

[No. 22,339.   Filed October 16, 1914.]

1.  DRAINS.—*Proceedings to Establish.*—*Petition to be Made Parties.*—*Sufficiency.*—Under §6142 Burns 1914, Acts 1907 p. 508, authorizing a two-thirds remonstrance in a drainage proceeding by "landowners named as such in the proceeding, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated", a petition to be admitted as parties to enable the petitioners to join in a two-thirds remonstrance against the establishment of a drain affecting land in three counties, averring that each petitioner is a "resident landowner within the territory that will be affected by said proposed drain", but failing to state in what county the respective petitioners reside or own land, or that their lands will be affected, does not state facts sufficient to qualify them as remonstrators.   p. 314.

2.  TRIAL.—*Interlocutory Orders.*—*Special Findings.*—Section 577 Burns 1914, §551 R. S. 1881, relating to special findings, does not contemplate the making of special findings on an application for an interlocutory order.   p. 315.

3.  APPEAL.—*Questions Reviewable.*—*Conclusions of Law.*—*Failure to Except in Time.*—Parties objecting to the conclusions of law stated by the trial court on the trial of objections to the report of drainage commissioners, can not procure a review of such conclusions on appeal, where the record discloses that they failed to take exceptions until long after the findings and conclusions were filed.   p. 316.

4.  APPEAL.—*Questions Reviewable.*—*Record.*—Where the court on appeal is precluded from considering the facts specially found on the issues formed on motion for an interlocutory order, setting aside the report of drainage commissioners, because of appellants' failure to reserve timely exceptions to the conclusions of law stated on such findings, and the evidence is not in the record, no question is presented for review on the overruling of a motion to modify the interlocutory order and set aside the report as a whole.   p. 316.

5.  APPEAL.—*Questions Reviewable.*—*Record.*—*Presumptions in Favor of Trial Court.*—Where the evidence is not in the record, no question is presented on alleged error in rulings involving ques-

tions of fact, since in such case it must be presumed that the action of the trial court was correct. p. 316.

6. APPEAL.—*Questions Reviewable.*—*Record.*—No question is pre-sented on the overruling of a motion to vacate a judgment confirming the report of drainage commissioners and establishing the drain, where the report of the commissioners is not in the record. p. 317.

From Henry Circuit Court; *Eugene Bundy,* Special Judge.

Drainage proceedings on the petition of Calvin R. Swain and others. From a judgment establishing the drain, John L. Starr and others appeal. *Affirmed.*

*Barnard & Brown* and *Ellis & Ellison,* for appellants.
*George L. Swain* and *Forkner & Forkner,* for appellees.

MORRIS, J.—In February, 1910, appellees filed a petition in the Henry Circuit Court to establish a drain located in the counties of Henry, Delaware and Madison. A number of landowners, including some of the appellants, filed a petition to be made parties to the proceeding so that they might have the right to join in a two-thirds remonstrance against the proposed work. §6142 Burns 1914, Acts 1907 p. 508. The court sustained appellees' demurrer, for wants of facts, to this petition, and it is contended that such ruling was erroneous. The petition states that each petitioner is a "resident landowner within the territory that will be affected by said proposed drain," but fails to state in what county the respective petitioners reside or own land, or that their said land will be affected by any assessment or damage. The statute (§6142 Burns 1914, *supra*) authorizes a two-thirds remonstrance by "land-owners named as such in such petition, or who may be affected by any assessment or damages, resident in the county or counties where the lands affected are situated." The object of appellants' petition to be admitted as parties was to enable them to join in a two-thirds remonstrance, but it does not state facts sufficient to qualify them as remonstrators and there was no error in sustaining the demurrer.

Johnson Sullivan, and twelve other appellants, not named in the original petition, but made parties to the proceeding by the report of the drainage commissioners, filed verified motions to set aside the report and vacate the appointment of each commissioner because, as alleged, the commissioners were disqualified to act.   The court overruled appellees' demurrers to these motions, and thereupon answers were filed thereto, and a trial had on the issues joined.   The court at appellants' request, made a special finding of facts and stated its conclusions of law thereon, and, pursuant thereto, adjudged that the report, as to the thirteen parties making the several motions, be set aside.   The special findings were filed, and judgment rendered, on August 28, 1912, and, at the time, appellees excepted to each conclusion of law.   The thirteen appellants making the several motions each excepted to each conclusion of law on September 16, 1912, and assign here that the court erred in each conclusion. Counsel for appellees claim that such assignment presents no question for review because (1) the law contemplates no special finding of facts and conclusions of law thereon, in a hearing on a mere interlocutory motion, and (2) because the thirteen appellants failed to except to the conclusions of law at the time the findings were filed.

In motions for interlocutory orders the law contemplates a summary hearing, and we are of the opinion that our statute, in relation to special findings (§577 Burns 1914, §551 R. S. 1881), does not contemplate such matters.   *Minneapolis Trust Co.* v. *Menage* (1902), 86 Minn. 1, 90 N. W. 3; *Hutchinson* v. *Trauerman* (1887), 112 Ind. 21, 13 N. E. 412; *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 47 N. E. 825.   Appellants cite *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 88 N. E. 502; and *Thorn* v. *Silver* (1910), 174 Ind. 504, 89 N. E. 943, 92 N. E. 161, where special findings were made on peremptory remonstrances against drainage petitions, under §6142 Burns 1914, *supra.* It is sufficient to say that such remonstrances, if sufficient,

contemplated a termination of the proceeding, and not, as here, a mere interlocutory order, setting aside a report or vacating the appointment of commissioners.    Here, however, as pointed out by appellants' counsel, appellees interposed no objection to appellants' request for a special finding, but acquiesced therein, and, moreover, excepted to the court's legal conclusions. Whether, under such conditions, appellees can be heard to object to a review of the conclusions of law, on the facts found, we do not determine for the sufficient reason that the thirteen appellants failed to except to the conclusions of law when the findings and conclusions were filed.    The record shows that when the findings and conclusions were filed on August 28, appellees excepted to the conclusions, and thereafter, on the same day, the court made the interlocutory order; that not until September 16, thereafter did said appellants except to the conclusions.    This was too late.    *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 241, 64 N. E. 860.

3.

On November 6, 1912, said thirteen appellants, filed a motion to modify the interlocutory order, by declaring the report of the commissioners void, and setting it aside as a whole.    The motion was overruled, and it is contended that the ruling was erroneous.    Inasmuch as we are precluded from considering the facts specially found on the issues formed by said appellants' motion for an interlocutory order setting aside the report, we can not review the order on the motion to modify in the absence of the evidence.    The evidence is not in the record, and the motion presents no question for review.

4.

The report of the drainage commissioners was filed in December, 1911.    On October 8, 1912, Albert W. Miller and fifty-seven other persons filed their motion to set aside the report of the commissioners because of certain facts alleged which disqualified them.    It further alleged that the moving parties were not named in the original petition; that they were served with notice after the re-

5.

port was filed, but did not ascertain the said facts that disqualified the commissioners until more than ten days after receiving notice. This motion was overruled on November 6, 1912. Error is assigned on this ruling, but no question is presented for review. The ruling involved a determination of questions of fact. The evidence is not in the record, and in its absence this court must presume in favor of the correctness of the determination of the trial court.

Various remonstrances, by appellants and others, were filed against the commissioners' report, under the provisions of §6143 Burns 1914, Acts 1907 p. 508. A

6. hearing of these remonstrances resulted in a finding and judgment, confirming the report, with certain modifications, and ordering the proposed work established. Apellant John C. Mitchell thereupon filed a motion to vacate the judgment, and set aside the commissioners' report, because, as alleged, the aggregate cost of construction would exceed the aggregate benefits, as shown by the modified report. The motion was verified by Mitchell's attorney. Error is assigned here because the motion was overruled. The report of the commissioners is not in the record, and in its absence no question is presented on the action of the court in overruling the motion. No reversible error appears and the judgment is affirmed.

NOTE.—Reported in 106 N. E. 357. As to procedure in the establishment of drains and sewers, see 60 L. R. A. 161. See, also, under (1) 14 Cyc. 1036; (2) 38 Cyc. 1976; (3) 38 Cyc. 1990; (4) 38 Cyc. 1990; 3 Cyc. 164; (5) 3 Cyc. 164, 275; (6) 3 Cyc. 155.