MILLGROVE SCHOOL TOWNSHIP ET AL. *v.* THE PECK-HAMMOND COMPANY.

[No. 8,964.   Filed May 10, 1916.]

APPEAL.—*Questions Reviewable.*—*Exceptions to Conclusions of Law.*— Where findings and conclusions of law were announced by the trial court, and no exception thereto was taken until several days later, no question was presented on appeal by an assignment of error in the conclusions of law, since under §656 Burns 1914, §626 R. S. 1881, exceptions must be taken at the time the decision is made in order to save any question for review.

From Steuben Circuit Court; *John W. Baxter,* Special Judge.

Action by The Peck-Hammond Company against Millgrove School Township and another. From a

Millgrove School Tp. *v.* Peck-Hammond Co.—62 Ind. App. 2.

judgment for plaintiff, the defendants appeal. *Affirmed.*

*Milo Thompson* and *Brown & Carlin*, for appellants.

*Jesse Macbeth* and *Best & Yotter*, for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for $1,144.58 in an action brought by it to recover an amount alleged to be due upon a contract for the sale of a heating plant to appellant township. The error relied upon for reversal is "that the court erred in its conclusions of law upon the special finding of facts".

An examination of the record discloses that such findings and conclusions of law were announced and filed by the court on February 6, 1914, and, that no exception was taken thereto until February 27, 1914. Section 656 Burns 1914, §626 R. S. 1881, requires that the exception must be taken at the time the decision is made. Both the Supreme Court and this court have repeatedly held that under this section of the statute an exception to conclusions of law on facts found, to save any question for review, must be taken at the time the special findings of fact and conclusions of law are announced and filed. It follows that appellant's exceptions were not taken in time, and that no question is presented by this appeal. *Barner* v. *Bayless* (1893), 134 Ind. 600, 33 N. E. 907, 34 N. E. 502; *Radabaugh* v. *Silvers* (1893), 135 Ind. 605, 35 N. E. 694; *Roeder* v. *Keller* (1893), 135 Ind. 692, 35 N. E. 1014; *Repp* v. *Lesher* (1901), 27 Ind. App. 360, 61 N. E. 609; *Hull* v. *Louth* (1887), 109 Ind. 315, 10 N. E. 270, 58 Am. Rep. 405; *Chicago, etc., R. Co.* v. *State, ex rel.* (1902), 159 Ind. 237, 241, 64 N. E. 860, and cases cited; *Starr* v. *Swain* (1914), 182 Ind. 313, 106 N. E. 357.

We might add that our examination of the record convinces us that the facts found by the court authorized the conclusions of law and that the judgment below was correct. Judgment affirmed.

Note.—Reported in 111 N. E. 804. ·